**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Reno E. Mayoral

_____

_____

_(In the space above enter the full name(s) of the plaintiff(s).)_

\- against -
John F. Kelly, Secretary,
Department of Homeland
Security, U.S. Customs
and Border Protection, et al.

_____

_____

_____

_____

_____

_____

_____

_____

_(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)_

**COMPLAINT**

Jury Trial: ☒ Yes ☐ No

(check one)

**I.      Parties in this complaint:**

A.      List your name, address and telephone number. Do the same for any additional  plaintiffs named. Attach
          additional sheets of paper as necessary.

| Plaintiff | Name | Reno E. Mayoral |
|-----------|------|-----------------|
| | Street Address | 2 Garden Court South |
| | County, City | Bergen County, City of Garfield |
| | State & Zip Code | New Jersey 07026-2314 |
| | Telephone Number | 973-420-4517 |

B.      List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1          Name                  John F. Kelly
                         Street Address        _____
                         County, City          _____
                         State & Zip Code      _____

Defendant No. 2          Name                  Department of Homeland Security, et al.
                         Street Address        _____
                         County, City          _____
                         State & Zip Code      _____

Defendant No. 3          Name                  U.S. Customs and Border Protection, et al.
                         Street Address        _____
                         County, City          _____
                         State & Zip Code      _____

Defendant No. 4          Name                  _____
                         Street Address        _____
                         County, City          _____
                         State & Zip Code      _____

## II.      Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case  involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C. §  1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.      What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal Questions          ☐ Diversity of Citizenship

☐ U.S. Government Plaintiff          ☒ U.S. Government Defendant

B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? No. The basis for jurisdiction is not Federal Question.

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship Not Applicable

Defendant(s) state(s) of citizenship Not Applicable

## III.    Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? On Thursday June 26, 2014, I was at my computer at work when I receiced an email with an attached letter retracting my tentative offer of employment for the Medical Review Unit at the Minneapolis Hiring Center signed by Jessica Dorfsman who was the Section Chief at that time.

B.    What date and approximate time did the events giving rise to your claim(s) occur?
On June 26, 2014 at 8:46:09 AM EDT, I received an email from CBP HIRING MED

<CBPHiringmedreview@cbp.dhs.gov> Medical Review Unit at the Minneapolis Hiring Center.

C.    Facts: On June 26, 2014, Plaintiff received an email communication from the Minneapolis Hiring Center withdrawing the tentative offer of employment. It stated that the documentation provided in response to requests for additional medical information regarding Plaintiff's history of grief counseling failed to articulate sufficient Medical Rationale to support the conclusion that he is medically qualified. In 2005, when Plaintiff and his spouse had lost two infant children over a period of less than one year, I was evaluated by a therapist at a Veterans Affairs mental health clinic and subsequently referred to a family counselor for grief counseling. Plaintiff has never been diagnosed with PTSD but PTSD was mentioned in the referral.
    On June 26, 2014, Plaintiff requested reconsideration since I believed the references to PTSD in my medical records were erroneous and were used as the basis for the withdrawal of the tentative offer. When I spoke to Ms. Martin via telephone, she told me she would forward his request for reconsideration to Daniel Sikkink, Lead Nurse Consultant, GS-0610-12, Pre-employment Clearances and Scheduling, Office of Human Resources, Bloomington, MN. Plaintiff spoke with Mr. Sikkink via telephone on June 27, 2014. Mr. Sikkink requested more medical documentation and advised me to be patient as it could take time to review the records. On July 7, 2014, Plaintiff sent an email attaching all medical documentation I had submitted on prior occasions. On July 10, 2014, Plaintiff submitted an amended entry from Dr. Patel indicating that his reference to Plaintiff having PTSD was erroneous, an updated orthopedic evaluation, and evaluations from Dr. Chin stating that he does not have PTSD and that he received counseling for grief reaction adjustment due to the loss of two infant children within less than one year.

- 3 -

On July 22, 2014, Plaintiff received an email message from Mr. Sikkink containing a bulleted list requesting additional medical information. Complainant visited the Regional VA Office to obtain the documentation on July 29, 2014, and submitted it on August 1, 2014.

On or around August 10, 2014, Mr. Sikkink contacted Plaintiff via telephone and advised him that he had thoroughly reviewed the documentation could not re-establish him on the list. I would have to reapply for the CBP Officer position. When I asked for the names of the members of the Medical Review Board who had reviewed my information, Mr. Sikkink told me that it had not been reviewed.

With regard to harm, Plaintiff stated that the full performance of a CBP Officer is grade GS-12 and that he is currently at grade GS-08. The withdrawal of the tentative offer of employment will prevent me from being promoted.

With regard to discrimination, Plaintiff believes the mention of PTSD in his medical records was used as the basis for medical disqualification. The PTSD was erroneously introduced as a result of grief counseling and should not have been referenced in my medical records since I have never been diagnosed with PTSD. I stated that the new application process asks about psychological counseling but specifically notes that the answer to the question should be "no" if the counseling was related to domestic abuse or grief counseling.

Plaintiff stated that I was unaware of the 45 day timeframe for contacting an EE0 Counselor. I first contacted an EE0 counselor at ICE on August 27, 2014, and was referred to CBP. I stated that I learned of the withdrawal of the tentative offer on June 26, 2014, but that I believed I was being reconsidered until I was told on August 10, 2014, that I would need to reapply. The Administrative Judge Ruled in the Original EEOC complaint that my complaint was filed "Timely".

With respect to Retaliation/ Reprisal, the Plaintiff further states he was discriminated against based on reprisal (prior EEO activity) when on November 29, 2016, he was found unsuitable for CBP Officer, GS-1895-07,advertised under job opportunity announcement # CBPO 14-2. On November 29, 2016, he was informed by Jessica Dorfsman, Pre-Employment Clearance and Scheduling Branch, that he was being considered for removal from his tentative selection because the Office of Professional Responsibility (OPR) had found him unsuitable. The letter indicated that a request was being sent to Office of Personnel Management (OPM) to pass him over and remove him from consideration because OPR had found him unsuitable for the position due to Criminal or Dishonest Conduct Illegal Use of Narcotics, Drugs, or Other Controlled Substances.

During my polygraph examination, I voluntarily admitted that I experimented with marijuana when I was a minor (age 13), over 37 years ago, and that should not have had any bearing on the outcome of my polygraph exam. I had applied for previous CBP positions and in 2012 and 2013 I passed the polygraph exam with the same voluntary admission of a "One Time" experimental drug use of marijuana at the age of 13 and passed that exam. The current determination of unsuitability is due to my prior EEO complaint that was pending a hearing and that the Agency tampered with my polygraph exam to discredit and blacklist me from being a candidate for any Law Enforcement position application process. On December 7, 2016, I indicated that I sent a letter to OPM via UPS with my reasoning for continuing to be considered for the position with supporting documentation per the option in the letter from Chief Dorfsman.

    On January 5, 2017, I received a response from OPM EEO Office indicating that I
was not an OPM employee, former employee, or applicant with OPM therefore I should
contact CBP EEO Office. I sent my rebuttal to the OPM address provided by Chief
Dorfsman and per OPM response my rebuttal did not go to the correct office. If I was to
submit a rebuttal now I would be outside the 15 day deadline window. I have not received
official notification that my tentative offer has been rescinded as of the date of this Civil
Action.
    I identify the discriminating individual as Chief Jessica Dorfsman, as an Agent and
Representative of the Agency acting with full support and authority of the Department of
Homeland Security & U.S. Customs and Border Protection. I am indicating that Chief
Dorfsman was involved in my prior EEO complaint for Employment Discrimination of a
Military Service Connected Disability and a Perceived Disability (Mental Disability). The
harm I will suffer includes possible removal from my tentative selection, it will tarnish my
permanent record and render me unsuitable for any covered Law Enforcement position for
any Agency including my current Agency (Immigration and Customs Enforcement),
hinder my opportunity for upward mobility, not allow me to hold a security clearance or
renew my current security clearance, and financial harm if unable to promote over a GS-8
position.

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. I did not receive any Physical injuries as a result of the Agency's Discriminatory Actions.

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

By this action, plaintiff Reno E. Mayoral seeks the following relief, pursuant to Americans with Disabilities Act of 1990 (ADA), Title 42 United States Code Section 12101 et seq., Rehabilitation of 1973, 29 U.S.C. Section 794, Pub. L. No. 93-112, 87 Stat. 394 (Sept. 26, 1973), codified at 29 U.S.C. § 701 et seq., Vietnam Era Veterans' Readjustment Assistance Act of 1974, 38 U.S. Code § 4212, DHS Directive 0470.2, Privacy Act (5 U S.C. § 552a) and the Health Insurance Portability and Accountability Act (HIPAA); see § 264 of Public Law 104-191, §§ 13400- 13424 of Public Law 11-5 and 45 C.F.R. § 164 et seq., Title 42 United States Code Section 12101 et seq., Title 42 United States Code Section 12112(a), 29 U.S.C. Sections 794, Pub. L. No. 93-112, 87 Stat. 394 (Sept. 26, 1973), codified at 29 U.S.C. § 701 et seq., 38 U.S. Code § 4212, which incorporates the remedies for Hindrance to my career progression and promotion potential to the Position of SCBPO- Supervisory Customs and Border Protection Officer or CCBPO- Chief Customs and Border Protection Officer/ SCBPAS- Agricultural Specialist at the GS13 Step 1 level through the GS 13 Step 5 level to retirement for Law Enforcement Officers to compensate me for the Discrimination, Retaliation or Reprisal, mental anguish, aggravation, stress, and all expenses incurred throughout this process from 2012 to present, are set forth in the following:

**Lost wages for a Law Enforcement Officer beginning at the:**

- GS7 Step 9 level for 2012- $1238.00,
- GS 9 Step 6 level for 2013- $2845.00,
- GS 11 Step 1 for 2014- $4025.00,
- GS 12 Step 1 level for 2015- $17,793.00,
- GS 12 Step 2 level- $21,557.00,
- CBP $35,000.00 Overtime allowance for 5 years- $175,000.00,

- 6 -

**Performance Work Plan Bonuses based on current performance evaluations and pay scale for 5 years beginning with**:

- 2012- $472 & 2 days "Time Off Award",
- 2013- $495 & 2 days "Time Off Award",
- 2014- $552 & 2 days "Time Off Award",
- 2015- $608 & 2 days "Time Off Award",
- 2016- $640 & 2 days "Time Off Award",

**COLA- Cost of Living Increases for 5 years beginning with:**

- 2012 @ 2.6%- $1592.21,
- for 2013 @ 1.7%- $1091.35,
- for 2014 @ 1.0%- $653.77,
- for 2015 @ 1.0%- $791.45,
- for 2016 @ 1.38%- $1144.14,
-

**Out of Pocket expenses for 5 years beginning with:**

- multiple Polygraphs in 2012 to 2014 at JFK or Newark-$318,
- IFP Psychological Evaluation- $643,
- Evaluations by Dr. Chim- $86,
- Evaluations at Veterans Administration Hospital, East Orange, NJ 2012 to present - $248,
- Medical Records 2012 to present at Veterans Administration Hospital, East Orange, NJ and Newark Regional Office Newark, NJ- $239,
-

**Possible Future Earnings for 11 years from the GS 12 Step 3 level to GS 12 Step 8 level through to Age 60 Forced retirement for Law Enforcement Officers:**

- $553,632.00

**CBP $35,000.00 Overtime allowance for 11 years from the GS 12 Step 3 level to GS 12 Step 8 level through to Age 60 Forced retirement for Law Enforcement Officers w/o changes:**

- $385,000.00

**Total Compensatory Remedies:**

| | |
|---|---|
| 1-Compensatory Damages | $232,031.92 |
| 2-Future Earnings for 11 years to age 60 | $553,632.00 |
| (Law Enforcement Forced Retirement) | |
| 3- Overtime allowance for 11 years to age 60 | $385,000.00 |
| 4-Retaliation/ Reprisal | $5,000,000.00 |
| 5- Deliberately Slandering by | $5,000,000.00 |
| False Accusation and Liable | $11,170,663.92 |