# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**STEVEN C. MANNION**<br>United States Magistrate Judge | Martin Luther King Jr, Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07102<br>(973) 645-3827 |

April 4, 2018

## LETTER OPINION-ORDER

Re: D.E. 17; Motion to Appoint Pro Bono Counsel
     Mayoral v. John F. Kelly, Secretary, Dep't of Homeland Security, et al.
     Civil Action No. 17-cv-04230 (MCA)(SCM)

Dear Litigants:

This matter comes before the Court upon review of Plaintiff Reno E. Mayoral's ("Mr. Mayoral") Motion to Appoint *Pro Bono* Counsel.[1] The Court has reviewed Mr. Mayoral's motion and for the reasons set forth herein it is **denied**.

This Court denied Mr. Mayoral's previous motion for the appointment of *pro bono* counsel.[2] In that denial, the Court discussed the *Tabron* factors, which are: (1) the plaintiff's ability to present his case; (2) the complexity of the legal issues involved; (3) the extent of factual discovery and the plaintiff's ability to investigate and to comply with complex discovery rules; (4) the extent to which the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the plaintiff can afford counsel on his or her own behalf.[3]

Though it noted that the Court was sympathetic to Mr. Mayoral's disadvantages, the Court found the factors to weigh against appointment. With respect to the first factor, the Court noted that "lack of formal legal training alone, does not constitute sufficient grounds to warrant appointment."[4] With respect to the second factor, the Court found that the legal issues in this case

---

[1] (ECF Docket Entry No. ("D.E.") 17, Pl.'s Mot.).

[2] (D.E. 8, Order).

[3] *Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993).

[4] (D.E. 8, Order, at 3).

were not difficult, complex, or novel.[5] In fact, Mr. Mayoral states, "the ultimate legal issues are not complex," in his first Motion for *Pro Bono* Counsel.[6] With respect to the third factor, the Court noted that "nothing in the record indicates that Mr. Mayoral's *pro se* status inhibits him from conducting discovery."[7] With respect to the fourth factor, the Court explained that based on the initial pleadings, this case does not appear to be a swearing match, therefore it is not likely to turn on credibility determination.[8]

Mr. Mayoral's present motion addresses only the first, fifth, and sixth factors. As to the first factor, the difficulty of the legal issues is not overly complex and a lack of legal education alone does not constitute sufficient grounds for appointment of counsel.[9] Mr. Mayoral lists a number of situations with which he may have difficulty without legal knowledge, none of which demonstrate an inability to present his case under *Tabron*.[10] The Court also noted that the fifth factor weighed against Mr. Mayoral because the case did not seem to depend on expert testimony but rather, given the allegations, the facts deduced.[11] Vague allegation as to requiring some kind of expert witness are not sufficient for appointment of counsel.[12] As to the sixth factor, he points to financial strain relating to his head-of-household status and ailing wife.[13] General familial difficulties, however, do not sufficiently indicate an inability to afford counsel.

As the *Tabron* factors continue to weigh against appointment at this time, Mr. Mayoral's motion is **denied**.

---

[5] *Id.*

[6] (D.E. 7, Pl.'s Mot., at 3).

[7] (D.E. 8, Order, at 4).

[8] *Id.*

[9] *Id.* at 3.

[10] (D.E. 17, Pl.'s Mot., at 3).

[11] *Id.*

[12] (D.E. 8, Order, at 4).

[13] *Id.* at 5.

**IT SO ORDERED.**



4/4/2018 6:04:30 PM

Original: Clerk of the Court
Hon. Madeline Cox Arleo, U.S.D.J.
cc: All parties