CRAIG CARPENITO
United States Attorney
FRANCES C. BAJADA
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
(973) 297-2038



## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENO E. MAYORAL, | HONORABLE MADELINE COX ARLEO |
| Plaintiff, | |
| | Civil Action No. 17-4230(MCA)(SCM) |
| v. | |
| KIRSTJEN NIELSEN, Secretary of the Department of Homeland Security,[1] | **FEDERAL DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF** |
| Defendant. | |

TO:     Reno E. Mayoral
        2 Garden Court South
        Garfield, New Jersey 07026-2314

Mr. Mayoral:

PLEASE TAKE NOTICE that Federal Defendants Kirstjen Nielsen, United States Customs and Border Protection, and Department of Homeland Security require of Plaintiff Reno E. Mayoral answers under oath to the following interrogatories pursuant to and within the time prescribed by Rule 33 of the Federal Rules of Civil Procedure.

1

---

[1]     John F. Kelly left his position as Secretary of the Department of Homeland Security on or about July 28, 2017. On or about December 6, 2017, Kirstjen Nielsen was sworn in as the Secretary of the Department of Homeland Security. Pursuant to Federal Rule of Civil Procedure 25(d), Secretary Nielsen is automatically substituted as the defendant in this action.

## DEFINITIONS

1. "Person" includes natural persons, firms, proprietorships, associations, partnerships, corporations and every other type of organization or entity.

2. "Identify" means when used in reference to:

(a) documents, to state separately (i) its description (*e.g.*, letter, report, memorandum, etc.); (ii) its date; (iii) its subject matter; (iv) the identity of each author or signer; (v) its present location; and (vi) the identity of its custodian;

(b) an oral statement, communication, conference or conversation, to state separately (i) its date and the place where it occurred; (ii) its substance; (iii) to "identify" each person who participated; and (iv) to "identify" all documents memorializing, referring to or relating to the subject of the statement;

(c) a natural person or persons, to state separately (i) the full name of each such person; (ii) his or her present or last known residential address; and (iii) the employer of the person at the time to which the interrogatory is directed and the person's title or position at that time;

(d) an organization or entity other than a natural person (*e.g.*, a company, corporation, firm, association or partnership), to state separately (i) the full name and type of organization or entity; (ii) the address of each of its principal places of business; and (iii) the nature of the business conducted.

3. "Document" means written, typed or other graphic materials, of any kind or nature, and any other tangible thing by which information or data is stored, including any writing, drawing, film, graph, chart, photograph, phono-record,

mechanical or electronic sound recording or transcript thereof; any retrievable data, whether in computer storage, carded, punched, taped, coded or stored electrostatically, or otherwise; and any other data compilation from which information can be obtained. Without limiting the generality of the foregoing, "document" shall specifically include all contracts, correspondence, letters, telegram messages, telephone statements or bills, notices, notes of conversation, memoranda, reports, diaries, minutes, recitals, statements, work sheets, abstracts, resumes, summaries, notes, jottings, market data, books, journals, ledgers, audits, charts, diagrams, drafts, research documents, newspapers, appointment books, desk calendars and expense reports. It shall also include all copies and draft copies of documents by whatever means made. In cases in which the manner of data storage is such that inspection of raw data storage materials (*e.g.*, microfilms, computer storage) would not reasonably permit examination and copying of data therein, this request shall be considered as requiring the translation, retrieval or other production of such data by you into a form sufficient to permit examination and copying.

4. "And" or "or" refer to the conjunctive, disjunctive or either of them.

5. The masculine form of a word includes the feminine, and vice-versa.

6. The singular form of a word includes the plural, and vice-versa.

7. "State the basis for" of or for a particular claim, assertion, allegation, or contention, means:

(a) Identify each and every document (and where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(b) Identify each and every communication, which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c) State separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved), which form any part of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(d) State each legal theory (including statutes, regulations and/or common law principles), which supports why the acts or omissions on the part of any person form the party's claim, assertion, allegation, or contention; and

(e) State separately any other facts or legal theories, which form the basis of the party's information regarding the alleged facts or legal conclusions, referred to by the interrogatory.

8. "Plaintiff" refers to Reno E. Mayoral.

9. "Defendants" refer to Kristjen Nielsen, Department of Homeland Security, and U.S. Customs and Border Protection.

## INSTRUCTIONS FOR USE

A. All information is to be divulged, which is in the possession of the

Plaintiff, his attorneys, investigators, agents, employees, or other representatives of

the Plaintiff and his attorney.

B. Where an individual interrogatory calls for an answer, which involves

more than one part, each part of the answer, should be clearly set out so that it is

understandable.

C. These interrogatories are intended as continuing interrogatories,

requiring you to answer by supplemental answer, setting forth any information

within the scope of the interrogatories, which may be acquired by Plaintiff, his

attorneys, agents, or representatives following the original answers.

Dated:    Newark, New Jersey
          August 3, 2018

                                     CRAIG CARPENITO
                                     United States Attorney

By:    *s/Frances C. Bajada*
       FRANCES C. BAJADA
       Assistant United States Attorney
       *Attorneys for Defendants*

## INTERROGATORIES

1.    Identify the persons answering these interrogatories and each person who provided any information used in responding to these interrogatories, setting forth separately for each person the interrogatory or interrogatories for which such information was used.

  a. A: Reno E. Mayoral (Plaintiff, Pro Se)

2.    If you allege that medical, psychological and/or psychiatric treatment has been provided to the Plaintiff, as a result of the alleged actions by the Defendants, identify each person providing treatment, describe the treatment, state the inclusive date of treatment, identify all documents relating to such treatment and attach copies of all such documents.

  b. Lewis Z. Schlosser, PHD, ABPP, a licensed psychologist in the States of New Jersey (#4822) and New York (#16485). The Plaintiff was seen for the purpose of a psychological examination for Medical Clearance for the position of Customs and Border Protection Officer on October 16, 2014 between 8:30am and 4:00pm at the offices of the Institute for Forensic Psychology, located at 5 Fir Court, Oakland, New Jersey, 07436. The Psychological Examination Report was submitted directly to the Agency on October 23, 2014 without prior review by the Plaintiff as per the Agency's request which was well within the 30-day deadline of November 3, 2014 for submission set at Mediation by Jessica M. Dorfsman, the Agency's Representative. I was once again found not to have any PTSD and 100% Cleared for Duty. The Plaintiff was referred by the U.S. Department of Homeland Security Customs and Border Agency with respect to the specific terms outlined in the Mediation Settlement agreement reached on the morning of Friday, October 3, 2014 with the following participants:

    1) Jessica M. Dorfsman-Supervisory Human Resource Specialist
    2) Samir W. Attia- Agency appointed Mediator
    3) Patricia Plummer- Assistant Mediator
    4) Lynn Martin-Nurse Consultant

  * Included- Psychological Examination Report from Lewis Z. Schlosser, PHD, ABPP, a licensed psychologist in the States of New Jersey (#4822) and New York (#16485)

and email from Geoffrey Stephens, Diversity and Civil Rights Specialist from the Privacy and Diversity Office (PDO), U.S. Customs and Border Protection Department of Homeland Security who was the authority responsible for scheduling the Mediation of October 3, 2014.

c. Dr. Le-Min Chin-Psychologist for the Hackensack, New Jersey Veterans Administration Mental Health Clinic. Dr. Chin provided the initial evaluation for the VA Mental Health Clinic in 2005, counseling for Adjustment Reaction and Grief Counseling with respect to the loss of Two (2) Infant Children in 2009 and the Medical Evaluations requested by the Agency on October 23, 2012; January 15, 2013; March 17, 2014 and again on April 30, 2014 providing Medical Clearance for the position of U.S. Customs and Border Protection Officer (CBPO) for the 2012, 2013 and 2014 application process.

d. Dr. Pankaj A. Patel (Physical Medicine and Rehabilitation Service Physician, V.A. Hospital, East Orange, New Jersey, 07018)-During the Orthopedic Evaluation requested by the Agency with respect to a Military Service Connected Injury to my Right Shoulder, Dr. Patel made erroneous statements to the affect that I had PTSD-Post Traumatic Stress Disorder when I do not and it has absolutely nothing to do with my Military Service Connected Disability. He later recanted his statement and corrected my Medical Records and his Supervisor, Dr. Nigel Shenoy, MD, Staff Physician-Physical Medicine and Rehabilitation Service at both the V.A. Hospitals located at 385 Tremont Avenue, East Orange, New Jersey, 07018 and 151 Knollcroft Road, Lyons, New Jersey, 07939 performed a new Orthopedic Evaluation as well as provided me a letter to submit to the Agency for same. During every Orthopedic Evaluation I was Medically Cleared for Duty.

e. Dr. Nigel Shenoy, MD, Staff Physician-Physical Medicine and Rehabilitation Service at both the V.A. Hospitals located at 385 Tremont Avenue, East Orange, New Jersey, 07018 and 151 Knollcroft Road, Lyons, New Jersey, 07939. Dr. Shenoy was responsible for performing a new and updated Orthopedic evaluation as well as provided me a letter to submit to the Agency for same.

3.   Identify each person who, to your knowledge or belief, has personal
     knowledge of facts or evidence relevant to all claims and allegations raised in
     the complaint filed in this action, provide a complete and accurate description
     of the knowledge you believe that they have or may have, and state the
     person's relationship, if any, to you.

     f. Mr. Bryan Wood- Applicant ID# 8348403-

              • Violations of PII-Personally Identifiable Information and
                HIPAA- Health Insurance Portability and Accountability
                Act by Lynn Martin-Nurse Consultant in direct violation of
                violate *the provisions of the Privacy Act (5 U S.C. §
                552a) and the Health Insurance Portability and
                Accountability Act (HIPAA); see§ 264 of Public
                Law 104-191, §§ 13400- 13424 of Public Law 11-5
                and 45 C.F.R. § 164 et seq., Title 42 United States
                Code Section 12101 et seq., Title 42 United States
                Code Section 12112(a), 29 U.S.C. Section 794, Pub.
                L. No. 93-112, 87* Stat. *394 (Sept. 26, 1973), codified
                at 29 U.S.C. § 701 et seq., 38 U.S. Code§ 4212. The
                Agency also violated DHS Directive 0470.2,
                (Privacy Act Compliance))*

     g. Jessica M. Dorfsman-Supervisory Human Resource Specialist

              a. The specific terms outlined in the Mediation Settlement
                 agreement reached on the morning of Friday, October 3, 2014
                 which per the Agency's request Plaintiff (at my own expense)
                 was seen for the purpose of a psychological examination for
                 Medical clearance on October 16, 2014 between 8:30am and
                 4:00pm at the offices of the Institute for Forensic Psychology,
                 located at 5 Fir Court, Oakland, New Jersey, 07436

              b. The contents of the Psychological Examination Report "Pass or
                 Fail" which was submitted directly to the Agency on October 23,
                 2014 without prior review by the Plaintiff as per the Agency's
                 request which was well within the 30-day deadline of November
                 3, 2014 for submission set at Mediation by Jessica M. Dorfsman,
                 the Agency's Representative

              c. Violations of PII-Personally Identifiable Information and HIPAA-
                 Health Insurance Portability and Accountability Act by Lynn Martin-
                 Nurse Consultant and Samir W. Attia- Agency appointed
                 Mediator in direct violation of violate *the provisions of the
                 Privacy Act (5 U S.C. § 552a) and the Health insurance
                 Portability and Accountability Act (HIPAA); see§ 264 of
                 Public Law 104-191, §§ 13400- 13424 of Public Law 11-5 and 45
                 C.F.R. § 164 et seq., Title 42 United States Code Section 12101
                 et seq., Title 42 United States Code Section 12112(a), 29 U.S.C.
                 Section 794, Pub. L. No. 93-112, 87* Stat. *394 (Sept. 26, 1973),
                 codified at 29 U.S.C. § 701 et seq., 38 U.S. Code§ 4212. The*

*Agency also violated DHS Directive 0470.2, (Privacy Act Compliance)*

**References to supporting Evidences as to PII and HIPPA violations included in the Report of Investigation are as follows:**

1.    Request for additional medical evaluations email (Dated April 10, 2014)- Lynn Martin response and replies (PII and HIPAA Violation) --- ROI, Tab F, P.000213 through P.000221

2.    Email response from Christopher F. Bowman to Samir Attia, Agency appointed Mediator and Supervisory Entry Officer for U.S. Customs and Border Protection--- Notifying Mr. Attia that he was not the intended party and has neither part nor involvement in the EEO complaint. Followed by Mr. Attia's response email apologizing for sending him the email and stating that the intended party was a Ms. Gayle Bowman (PII and HIPAA Violation) --- ROI, Tab F-1a, P.000269 through P.000272

d. Retaliation/ Reprisal by the Agency specifically Jessica Dorfsman filing false allegations with the U.S. Office of Personnel Management through the CBP Office of Professional Responsibility for Criminal Misconduct, Illegal Use of Narcotics, Drugs or Other Controlled Substances for a Voluntary Admission during an Agency requested Polygraph Examination of a one-time experimentation use as a minor child at age 13 (38 years ago) which is well beyond the timeline for hiring purposes

h. Lynn Martin-Nurse Consultant

- e. The specific terms outlined in the Mediation Settlement agreement reached on the morning of Friday, October 3, 2014 which per the Agency's request Plaintiff (at my own expense) was seen for the purpose of a psychological examination for Medical on October 16, 2014 between 8:30am and 4:00pm at the offices of the Institute for Forensic Psychology, located at 5 Fir Court, Oakland, New Jersey, 07436

- f. The contents of the Psychological Examination Report "Pass or Fail" which was submitted directly to the Agency on October 23, 2014 without prior review by the Plaintiff as per the Agency's request which was well within the 30-day deadline of November 3, 2014 for submission set at Mediation by Jessica M. Dorfsman, the Agency's Representative

- g. Violations of PII-Personally Identifiable Information and HIPAA-Health Insurance Portability and Accountability Act by Lynn Martin-Nurse Consultant in direct violation of violate *the provisions of the Privacy Act (5 U S.C. § 552a) and the Health Insurance Portability and Accountability Act (HIPAA); see§ 264 of Public Law 104-191, §§ 13400- 13424 of Public Law 11-5 and 45 C.F.R. § 164 et seq., Title 42 United States Code Section 12101 et seq., Title 42 United States Code Section 12112(a), 29 U.S.C. Section 794, Pub. L. No. 93-112, 87* Stat. *394 (Sept. 26, 1973)*.

*codified at 29 U.S.C. § 701 et seq., 38 U.S. Code§ 4212. The Agency also violated DHS Directive 0470.2, (Privacy Act Compliance)*

**References to supporting Evidences as to PII and HIPPA violations included in the Report of Investigation are as follows:**

1. Request for additional medical evaluations email (Dated April 10, 2014)- Lynn Martin response and replies (PII and HIPAA Violation) --- ROI, Tab F, P.000213 through P.000221

i. Samir W. Attia- Agency appointed Mediator

h. The specific terms outlined in the Mediation Settlement agreement reached on the morning of Friday, October 3, 2014 which per the Agency's request Plaintiff (at my own expense) was seen for the purpose of a psychological examination for Medical Clearance on October 16, 2014 between 8:30am and 4:00pm at the offices of the Institute for Forensic Psychology, located at 5 Fir Court, Oakland, New Jersey, 07436

i. The contents of the Psychological Examination Report "Pass or Fail" which was submitted directly to the Agency on October 23, 2014 without prior review by the Plaintiff as per the Agency's request which was well within the 30-day deadline of November 3, 2014 for submission set at Mediation by Jessica M. Dorfsman, the Agency's Representative

j. Violations of PII-Personally Identifiable Information and HIPAA-Health Insurance Portability and Accountability Act by Lynn Martin-Nurse Consultant and Samir W. Attia- Agency appointed Mediator in direct violation of *the provisions of the Privacy Act (5 U S.C. § 552a) and the Health Insurance Portability and Accountability Act (HIPAA); see§ 264 of Public Law 104-191, §§ 13400- 13424 of Public Law 11-5 and 45 C.F.R. § 164 et seq., Title 42 United States Code Section 12101 et seq., Title 42 United States Code Section 12112(a), 29 U.S.C. Section 794, Pub. L. No. 93-112, 87* Stat. *394 (Sept. 26, 1973), codified at 29 U.S.C. § 701 et seq., 38 U.S. Code§ 4212. The Agency also violated DHS Directive 0470.2, (Privacy Act Compliance)*

**References to supporting Evidences as to PII and HIPAA violations included in the Report of Investigation are as follows:**

1. Email response from Christopher F. Bowman to Samir Attia, Agency appointed Mediator and Supervisory Entry Officer for U.S. Customs and Border Protection--- Notifying Mr. Attia that he was not the intended party and has neither part nor involvement in the EEO complaint. Followed by Mr. Attia's response email apologizing for sending him the email and stating that the intended party

was a Ms. Gayle Bowman (PII and HIPAA Violation) ---
ROI, Tab F-1a, P.000269 through P.000272

j. Dr. Le-Min Chin-Psychologist for the Hackensack, New Jersey Veterans
Administration Mental Health Clinic

a. Dr. Chin provided the initial evaluation for the VA Mental
Health Clinic in 2005, counseling for Adjustment Reaction and
Grief Counseling with respect to the loss of Two (2) Infant
Children in 2009 and the Medical Evaluations requested by the
Agency on October 23, 2012; January 15, 2013; March 17, 2014
and again on April 30, 2014 providing Medical Clearance for the
position of U.S. Customs and Border Protection Officer (CBPO)
for the 2012, 2013 and 2014 application process.

**Reference to supporting Evidence as to Discrimination
for a Military Service Connected Disability and
Perceived Mental Disability (PTSD) included in the
Report of Investigation are as follows:**

1. Executive Order 13548 signed July 26, 2010 by President
Obama--- ROI, Tab-F, Mayoral P.000238

2. Email request from Daniel Sikkink to Complainant with
Password protected, bulleted list requesting records of a
Perceived Mental Disability specifically PTSD (Dated
July 29, 2016) --- ROI, Tab-F, Mayoral P.000239, through
P.000242

3. Medical Evaluations which repeatedly state, "No PTSD"
and "No Classifications or diagnosis under the DSM-
Mental Health Guidelines.

4. Dr. Le Min Chin and Dr. Sous of the VA Mental Health
Clinic in Hackensack N.J. (6 Evaluations, VA Medical
Records and Progress Notes) --- ROI, Tab F-1a, Mayoral
P.000106 through P.000155

5. Erroneous Repot in Medical Records from Dr. Patel,
Orthopedic Specialist at the VA Hospital in East Orange
N.J.--- ROI, Tab F-1a, Mayoral P.000160

6. Orthopedic Evaluation with Supporting letter and
Correction Addendum to Official VA Medical Records
regarding erroneous entry of "History of PTSD" by Dr.
Patel--- ROI, Tab F-1a, Mayoral P.000171 through
P.000183

7. Settlement Agreement during Informal Mediation of
October 3, 2015to include New Mental Health Evaluation

within 30 days of agreement (Evaluation completed on October 16, 2015) --- ROI, Tab F-1a, Mayoral P.000273 through P.000277

8. Copy of New Mental Health Evaluation performed by the Institute of Forensic Psychology on October 16, 2015 (Report submitted by Institute October 23, 2015) which is not in the Report of Investigation and should be added to the Official record as evidence.

9. Proof of Military Discharge/ VA Disability with Reason for Decision and full Breakdown of Wartime Service Connected Disability--- ROI, Tab F-1a, Mayoral P.000303 through P.000323

10. Copy of letter retracting Job offer signed by Jessica Dorfsman, Section Chief and Supervisory Program Manager of the Medical Review Unit at the Dallas Processing Center in Dallas, Texas. Retraction was due to a perceived Mental Disability--- ROI, Tab F-4f, P.000471

11. Copy of Pre-Employment Medical Status-Agency document (All documents were received but "NEVER" reviewed) --- ROI, Tab F-4g, P.000473

12. Comprehensive Health Services- Primary reviewing physician medical recommendation by Dr. Phong D. Nguyen; ltem#5 of additional documentation requested which pertains to Grief Counseling;

13. Medical Records

14. Recent Mental Health Professional exam and opinion on limitations-No mention of request for DSM codes or diagnosis. (5 evaluations provided by treating Mental Health Professional-Dr. Le Min Chin of the VA Mental Health Clinic, Hackensack N.J.) ---ROI, Tab F-5b, P.000593

15. U.S. Customs and Border Protection Anti-Discrimination & Anti-Harassment Policy Statement (Dated July 18, 2014) --- ROI, Tab F-6a, P.000619 and P.000620

16. U.S. Customs and Border Protection Merit Promotion; ltem#2 Policy-"Selection based solely on the relative ability, knowledge and skills of each applicant after fair and open competition". --- ROI, Tab F-6b, P.000622 through P.000636

**Reference to supporting Evidence as to Medical Documentation "NOT Received" included in the Report of Investigation are as follows:**

1. Agency request dated March 12, 2014--- ROI, Tab F, P.000185 through P.000212

2. Agency request dated April 10, 2014- Lynn Martin (PII and HIPAA Violation) --- ROI, Tab F, P.000213 through P.000226

3. Agency request dated July 11, 2014-Daniel Sikkink Supervisor of the Medical Review Unit at the Dallas Processing Center, Dallas Texas--- ROI, Tab F, P.000227 through P.000237

4. Agency request dated July 29, 2014-Daniel Sikkink with password protected, 2-page bulleted list requesting records of a "Perceived Mental Disability" (PTSD) ROI, Tab F, P.000239 through P.000241

5. Agency request dated October 6, 2014- email from Lynn Martin for New Psychological Evaluation at Complainant expense from the Institute of Forensic Psychology (Performed October 16, 2014) as part of Informal Mediation Settlement which took place October 3, 2014--- ROI, Tab F, P.000243 through P.000245

6. Agency Pre-Employment Medical Status (All Documentation received but "NEVER Reviewed"--- ROI, Tab F-4g, P.000473

**Reference to supporting Evidence as to Medical Documentation not included in the Report of Investigation:**

1. Agency copy of New Psychological Evaluation at Complainant expense from the Institute of Forensic Psychology (Performed October 16, 2014) as part of Informal Mediation Settlement which took place October 3, 2014

k. Lewis Z. Schlosser, PHD, ABPP, a licensed psychologist in the States of New Jersey (#4822) and New York (#16485)-Institute for Forensic Psychology

a. The Plaintiff was seen by Lewis Z. Schlosser for the purpose of a psychological examination for Medical Clearance for the position of Customs and Border Protection Officer on October 16, 2014

between 8:30am and 4:00pm at the offices of the Institute for
Forensic Psychology, located at 5 Fir Court, Oakland, New
Jersey, 07436. The Psychological Examination Report was
submitted directly to the Agency on October 23, 2014 without
prior review by the Plaintiff as per the Agency's request which
was well within the 30-day deadline of November 3, 2014 for
submission set at Mediation by Jessica M. Dorfsman, the
Agency's Representative. I was once again found not to have any
PTSD and 100% Cleared for Duty.

The Plaintiff was referred by the U.S. Department of Homeland
Security Customs and Border Agency with respect to the specific
terms outlined in the Mediation Settlement agreement reached
on the morning of Friday, October 3, 2014 with the following
participants:

> 1. Jessica M. Dorfsman-Supervisory Human Resource
>    Specialist
>
> 2. Samir W. Attia- Agency appointed Mediator
>
> 3. Patricia Plummer- Assistant Mediator
>
> 4. Lynn Martin-Nurse Consultant

### Reference to supporting Evidence as to Medical Documentation not included in the Report of Investigation:

> 1. Agency copy of New Psychological Evaluation at
>    Complainant expense from the Institute of Forensic
>    Psychology (Performed October 16, 2014) as part of
>    Informal Mediation Settlement which took place
>    October 3, 2014

l. Dr. Pankaj A. Patel (Physical Medicine and Rehabilitation Service
Physician, V.A. Hospital, East Orange, New Jersey, 07018)

> a. During the Orthopedic Evaluation requested by the Agency with
>    respect to a Military Service Connected Injury to my Right
>    Shoulder, Dr. Patel made erroneous statements to the affect
>    that I had PTSD-Post Traumatic Stress Disorder when I do not
>    and it has absolutely nothing to do with my Military Service
>    Connected Disability. He later recanted his statement and
>    corrected my Medical Records and his Supervisor, Dr. Nigel
>    Shenoy, MD, Staff Physician-Physical Medicine and
>    Rehabilitation Service at both the V.A. Hospitals located at 385
>    Tremont Avenue, East Orange, New Jersey, 07018 and 151
>    Knollcroft Road, Lyons, New Jersey, 07939 performed a new
>    Orthopedic Evaluation as well as provided me a letter to submit

to the Agency for same. During every Orthopedic Evaluation I was Medically Cleared for Duty.

**Reference to supporting Evidence as to Discrimination for a Military Service Connected Disability and Perceived Mental Disability (PTSD) included in the Report of Investigation are as follows:**

1.  Executive Order 13548 signed July 26, 2010 by President Obama--- ROI, Tab-F, Mayoral P.000238

2.  Email request from Daniel Sikkink to Complainant with Password protected, bulleted list requesting records of a Perceived Mental Disability specifically PTSD (Dated July 29, 2016) --- ROI, Tab-F, Mayoral P.000239, through P.000242

3.  Medical Evaluations which repeatedly state, "No PTSD" and "No Classifications or diagnosis under the DSM- Mental Health Guidelines.

4.  Dr. Le Min Chin and Dr. Sous of the VA Mental Health Clinic in Hackensack N.J. (6 Evaluations, VA Medical Records and Progress Notes) --- ROI, Tab F-1a, Mayoral P.000106 through P.000155

5.  Erroneous Report in Medical Records from Dr. Patel, Orthopedic Specialist at the VA Hospital in East Orange N.J.--- ROI, Tab F-1a, Mayoral P.000160

6.  Orthopedic Evaluation with Supporting letter and Correction Addendum to Official VA Medical Records regarding erroneous entry of "History of PTSD" by Dr. Patel--- ROI, Tab F-1a, Mayoral P.000171 through P.000183

7.  Settlement Agreement during Informal Mediation of October 3, 2015 to include New Mental Health Evaluation within 30 days of agreement (Evaluation completed on October 16, 2015) --- ROI, Tab F-1a, Mayoral P.000273 through P.000277

8.  Copy of New Mental Health Evaluation performed by the Institute of Forensic Psychology on October 16, 2015 (Report submitted by Institute October 23, 2015) which is not in the Report of Investigation and should be added to the Official record as evidence.

9.  Proof of Military Discharge/ VA Disability with Reason for Decision and full Breakdown of Wartime Service

Connected Disability--- ROI, Tab F-1a, Mayoral
P.000303 through P.000323

m. Dr. Nigel Shenoy, MD, Staff Physician-Physical Medicine and
Rehabilitation Service at both the V.A. Hospitals located at 385
Tremont Avenue, East Orange, New Jersey, 07018 and 151 Knollcroft
Road, Lyons, New Jersey, 07939

a.Dr. Patel made erroneous statements to the affect that I had
PTSD-Post Traumatic Stress Disorder when I do not and it has
absolutely nothing to do with my Military Service Connected
Disability. He later recanted his statement and corrected my
Medical Records and his Supervisor, Dr. Nigel Shenoy performed
a new Orthopedic Evaluation as well as provided me a letter to
submit to the Agency for same. During every Orthopedic
Evaluation I was Medically Cleared for Duty.

4.      Identify and attach copies of all documents or other tangible evidence, which
you claim tends to substantiate the allegations of discrimination and
retaliation, which you have made in the complaint.

a.Copies of all supporting documentation have been
submitted to the Court and the Agency's Attorney
which include a copy of the ROI- Report of Investigation
which was previously submitted by the Agency and is a
matter of record. Additional documents included which
were not part of the Report of Investigation are as
follows:

1. Psychological examination for Medical Clearance for the position
of Customs and Border Protection Officer on October 16, 2014
performed by Lewis Z. Schlosser, PHD, ABPP, a licensed
psychologist in the States of New Jersey (#4822) and New York
(#16485)-Institute for Forensic Psychology.

2. *Eight (8) emails following Informal Mediation on October 3, 2014
where settlement was reached and I complied with Terms of
Settlement to have a Psychological Evaluation performed by
outside Agency at own expense to be Mentally Cleared for Duty
and receive an EOD- "Entry on Duty" Date and Academy Class
date.*
   • October 7, 2014 email to Lynn Martin with requested
     Medical records attached and appointment date for
     outside evaluation by the Institute for Forensic
     Psychology
   • October 8, 2014 email from Lynn Martin confirming
     that the requested information was received.
   • October 6, email from Agency assigned Mediator,
     Samir Attia with PII/HIPPA violation by releasing
     EEOC case information and Informal Mediation

information to an uninvolved party, Mr. Christopher Bowman

- October 8, 2014 email response from Christopher Bowman informing Samir Attia that he sent the information to the wrong individual
- October 9, 2014 email reply from Samir Attia to Christopher Bowman apologizing for sending him the email that was intended for Ms. Gayle Bowman (PII Breach was never Self-Reported by Samir Attia)
- October 6, 2014 email confirming time and location of outside Mental Health Evaluation at own expense on October 61, 2014
- Copy of Mental Health Evaluation by the Institute for Forensic Psychology date of report October 17, 2014 and stamped received by Agency October 23, 2014
- October 28, 2014 email from Geoffrey Stephens outlining the Terms of the Informal Mediation Agreement settled on October 3, 2014 during Informal Mediation with Jessica Dorfsman and Lynn Martin with scheduled execution within 30 calendar days of the agreement.
- October 28, 2014 email to Geoffrey Stephens concurring with the Terms of the Informal Mediation Agreement settled with Jessica Dorfsman and Lynn Martin on October 3, 2014

3. *Eleven (11) emails with supporting documentation with respect to Retaliation/ Reprisal by the Agency specifically Jessica Dorfsman filing false allegations with the U.S. Office of Personnel Management through the CBP Office of Professional Responsibility for Criminal Misconduct, Illegal Use of Narcotics, Drugs or Other Controlled Substances for a Voluntary Admission during an Agency requested Polygraph Examination of a one-time experimentation use as a minor child at age 13 (38 years ago) which is well beyond the timeline for hiring purposes:*

- November29, 2016 Official Notification of CBP OPM Pass Over Request & 15 day Right to Respond
- December 7, 2016 response to Official Notification of CBP OPM Pass Over Request & 15 day Right to Respond with respect to my Self Statement regarding Eligibility Certificate# LN-15-CB7-4454150
- September 10, 2012 email confirmation from Douglas Marshall of Polygraph Examination Appointment at JFK CBP Office of Internal Affairs-Credibility Assessment Division ("PASSED" Polygraph

Examination)

- July 2, 2015 email confirmation from Matthew
  Gunnarson of Polygraph Examination Appointment
  at CBP Internal Affairs Office 1100 Raymond Blvd,
  Newark, New Jersey (Inconclusive Determination)
- August 17, 2015 email confirmation from Sapphia
  Small of Polygraph Examination Appointment at
  CBP Internal Affairs Office 1100 Raymond Blvd,
  Newark, New Jersey (Inconclusive Determination)
- September 1, 2015 email confirmation from Larry
  Gordon of Polygraph Examination Appointment at
  JFK CBP Office of Internal Affairs-Credibility
  Assessment Division (Inconclusive Determination)
- January 5, 2017 response letter from OPM- Office of
  Personnel Management in Washington, D.C. which
  states that my response was sent to the wrong
  entity due to incorrect Point of Contact information
  sent by Jessica Dorfsman in her signed letter dated
  November 29, 2016. This letter was attached to her
  email of Official Notification of CBP OPM Pass Over
  Request & 15 day Right to Respond also dated
  November 29, 2016
- January 6, 2017 email confirmation from Janelle
  Golladay of Direct EEO Contact for Retaliation and
  or Reprisal
- February 6, 2017 assignment of Case Number: HS-
  CBP-00658-2017 to new EEOC complaint of
  Retaliation and/or Reprisal by the Agency
  specifically Jessica Dorfsman with respect to the
  Original EEOC Case Number: 520-2015-00495X
- EEO Counselor's Report dated January 11, 2017
- January 11, 2017 email from Administrative Judge
  Erin M. Stilp with attached Order Denying Motion
  to Amend the original complaint to include
  Retaliation/Reprisal because it is procedurally too
  late in the processing of Agency EEOC Case
  Number: 520-2015-00495X and Agency Complaint
  Number: HS-CBP-01927-2014
- *UNSWORN DECLARATION UNDER PENALTY OF PERJURY to
  EEOC from Jessica Dorfsman (Report of Investigation-ROI
  page 407 through page 413)*

5.   Describe in detail Plaintiff's tentative offer of employment as stated in the
     complaint. Identify the name, job title and address of the CBP official who
     sent the tentative offer of employment to Plaintiff, the date of the tentative
     offer of employment and the GS Level, job title, location and salary offered to
     Plaintiff in the tentative offer of employment.

a. The Plaintiff applied for the position of CBPO- Customs and Border Protection Officer, GS-1895-05/7 was advertised under JOA CBPO-13-1 on August 1, 2013. On September 13, 2013, the CBP Minneapolis Hiring Center (MHC) notified Complainant that he passed the CBPO examination. On November 27, 2013, MHC notified complainant that he was tentatively selected, contingent upon successful completion of all pre-employment requirements for the Location of Newark, NJ. The Salary range for the position as a GS-5 would be $31,628.00 to $39,179.00 with the Promotion Potential to GS-12 Salary range $ 78,361 to $ 101,866 GS Level would be set in the final offer of employment prior to EOD-Entry On Duty.

6. With respect to every informal or formal EEO complaint you have filed with the federal government, under the administrative complaint processing procedures of any agency of the federal government, state the number or other identifier of the complaint, the agency against which the complaint was filed, the date of filing, the nature of the complaint, and the current status or disposition of the complaint. Attach copies of all such informal or formal EEO complaints filed by you and all documents related to such complaints.

a. Formal EEO complaint No. HS-CBP-01927-2014 was filed against U.S. Customs and Border Protection Agency Disability Discrimination and Discrimination of a Perceived Mental Disability (PTSD-Post Traumatic Stress Disorder) under the administrative complaint process with respect to this Civil Action. In an Order Entering Judgment by the Administrative Judge dated April 25, 2017, Judge Stilp found in favor of the Agency and provided the Plaintiff with a detailed copy of appeal rights. All copies of informal or formal EEO complaints filed by the Plaintiff and all documents related to such complaints are a matter of record and already in the possession of the EEO, the Administrative Court, the Agency and its Attorneys. The requested documentation is also among the Agency's disclosures.

b. Subsequently the was a secondary complaint filed just weeks prior to the Final Administrative hearing for Retaliation/Reprisal under EEO Case No. HS-CBP-00658-2017 with date of initial contact on 01/06/2017 and date of initial interview 01/12/2017 just prior to the Final Administrative hearing. Plaintiff contact Administrative Judge Stilp in an email dated January 10, 2017, Complainant sought to amend a complaint of retaliation when on or around November 29, 2016, the Agency filed a request with OPM to remove Complainant from eligibility for a position he sought in 2014.
Complainant's motion to amend is denied, because it is procedurally too late in the processing of the above-captioned case to amend a new claim. Both parties indicated during a conference call today, January 11, 2017, that they would want to take part in discovery of the new claim if it was amended. However, discovery for the above-captioned case has already closed and is set for a hearing in February of 2017

> (next month). As such, it is not appropriate to now amend a new claim that would require additional discovery. Complainant has already contacted an EEOC Counselor and can pursue his new claim through that avenue. All copies of informal or formal EEO complaints filed by the Plaintiff and all documents related to such complaints are a matter of record and already in the possession of the EEO, the Administrative Court, the Agency and its Attorneys. The requested documentation is also among the Agency's disclosures.

7.  State whether you intend to call any person as an expert witness at the trial of this action, and if you do intend to call any such expert witness at trial, identify each person whom you expect to call as an expert witness, state the subject matter upon which each expert is expected to testify, state the substance of the facts and opinions, and a summary for the grounds of each, to which each expert is expected to testify. Attach copies of all written reports rendered to you or your attorneys by any such expert whom you propose to have testify in your behalf.

    Plaintiff intends to call on the following persons as expert witnesses at the Trial of this

    a. Lewis Z. Schlosser, PHD, ABPP, a licensed psychologist in the States of New Jersey (#4822) and New York (#16485)-Institute for Forensic Psychology

       Lewis Z. Schlosser will give testimony as to the psychological examination for Medical Clearance for the position of Customs and Border Protection Officer conducted on October 16, 2014 between 8:30am and 4:00pm at the offices of the Institute for Forensic Psychology, located at 5 Fir Court, Oakland, New Jersey, 07436. The Psychological Examination Report was submitted directly to the Agency on October 23, 2014 without prior review by the Plaintiff as per the Agency's request which was well within the 30-day deadline of November 3, 2014 for submission set at Mediation by Jessica M. Dorfsman, the Agency's Representative.

    b. Dr. Le-Min Chin-Psychologist for the Hackensack, New Jersey Veterans Administration Mental Health Clinic

       Dr. Chin will testify to the initial evaluation provided for the VA Mental Health Clinic in 2005, counseling for Adjustment Reaction and Grief Counseling with respect to the loss of Two (2) Infant Children in 2009 and the Medical Evaluations requested by the Agency on October 23, 2012; January 15, 2013; March 17, 2014 and again on April 30, 2014 providing Medical Clearance for the position of U.S. Customs and Border Protection Officer (CBPO) for the 2012, 2013 and 2014 application process.

    c. All copies of all written reports rendered have been filed by the Plaintiff, are included in the ROI-Report of Investigation or additional documentation provided with requested disclosures and all documents related to same are a matter of record and already in the possession of the EEO, the Administrative Court, the Agency and its Attorneys. The requested documentation is also among the

Agency's disclosures.

8. State the basis for your assertion in the complaint that you have exhausted all administrative remedies prescribed under 42 U.S.C. Section 2000e *et. seq.* and performed all conditions precedent to the maintenance of this action. Attach copies of all documents supporting or relating to your assertion that you have exhausted such administrative remedies.

   a. All Administrative remedies throughout both the EEO Formal and Informal process have been exhausted. During the Informal process Informal Mediation was conducted and a settlement was reached. Plaintiff complied with every stipulation was met to include a Psychological Exam for Medical Clearance by an Outside Agency requested by the Agency at great expense to the Plaintiff. The Agency never complied with their requirements as part of the settlement agreement and breached the agreement, on two different occasions caused PII and HIPAA violations exposing the Plaintiff's information and that of another applicant Mr. Bryan Wood, Applicant ID# 8348403 in direct violation of *the provisions of the Privacy Act (5 U* s.c. *§ 552a) and the Health Insurance Portability and Accountability Act (HIPAA); see§ 264 of Public Law 104-191, §§ 13400- 13424 of Public Law 11-5 and 45 C.F.R. § 164 et seq., Title 42 United States Code Section 12101 et seq., Title 42 United States Code Section 12112(a), 29 U.S.C. Section 794, Pub. L. No. 93-112, 87* Stat. *394 (Sept. 26, 1973), codified at 29 U.S.C. § 701 et seq., 38 U.S. Code§ 4212. The Agency also violated DHS Directive 0470.2, (Privacy Act Compliance)*

   None of the incidents were ever reported or Self-reported as per DHS Policy and Regulations.

   b. When the Informal process failed, all parties proceeded with the EEO Formal Administrative process to include Formal Mediation, Depositions and the Final Administrative Hearing. Once the Judge's decision on the case was rendered I, the Plaintiff, also received a copy of my full appeal rights which allowed for appeal in the Administrative Court or Filing a Civil Lawsuit in Federal Court. Plaintiff elected filing a Civil Lawsuit in Federal Court and requested a Jury Trial.

9. Identify each of the job vacancies advertised by the agency for which you claim in your complaint that you requested consideration. For each such job vacancy, state the announcement number, location of the job, series number and grade level, selecting official(s), and whether you were interviewed for the job. Attach copies of all documents relating to the job vacancies, your application for such jobs or your non-selection for such jobs.

    a. Plaintiff requested reconsideration for the position of CBPO-Customs and Border Protection Officer, GS-1895-05/7 was advertised under JOA CBPO-13-1 on August 1, 2013 for the Location of Newark, NJ. The Salary range for the position as a GS-5 would be $31,628.00 to $39,179.00 with the Promotion Potential to GS-12 level for which the Salary range was $ 78,361 to $ 101,866 and GS Level would be set in the final offer of employment prior to EOD-Entry On Duty.

    b. All copies of all documents relating to the job vacancies, my application for such jobs or my non-selection for such jobs are included in the ROI-Report of Investigation or additional documentation provided with requested disclosures and all documents related to same are a matter of record and already in the possession of the EEO, the Administrative Court, the Agency and its Attorneys. The requested documentation is also among the Agency's disclosures.

10.   State the basis for your claims that you possessed the education, training and work experience sufficient to perform the CBP Officer position GS-12. Attach copies of all documents related to this claim.

    a. The basis for my claims that I possess the education, the training and the work experience sufficient to perform the CBP Officer position GS-12 are my Four (4) College degrees, College Transcripts, Resume, 10 years Investigative experience in the Private Sector, Military experience, training and experience as a Civilian Law Enforcement Officer and my 11 years of Federal Service which was spent working for the Department of Homeland Security Immigration and Customs Enforcement, Enforcement and Removal Division of the New York Field Office. All documents relating to the my claims that I possessed the education, the training and the work experience sufficient to perform the CBP Officer position GS-12 are included in the ROI-Report of Investigation or additional documentation provided with requested disclosures and all documents related to same are a matter of record and already in the possession of the EEO, the Administrative Court, the Agency and its Attorneys. The requested documentation is also among the Agency's disclosures.

11.   Identify the name, title, address and contact information of the therapist at the Veterans Affairs mental health clinic and the family counselor for grief counseling who evaluated the Plaintiff in 2005.

    a. Dr. Le-Min Chin-Psychologist for the Hackensack, New Jersey Veterans Administration Mental Health Clinic; 385 Prospect Avenue, Hackensack, NJ 07601; 201-342-4362/ 201-342-4587

12. Explain in detail whether the Plaintiff contested or corrected the alleged misdiagnosed PTSD prior to June 26, 2014.

    a. Once the Plaintiff was made aware of the misdiagnosis of PTSD by Dr. Pankaj A. Patel (Physical Medicine and Rehabilitation Service Physician, V.A. Hospital, East Orange, New Jersey, 07018) it was immediately contested, and the medical records were amended. He later recanted his statement and corrected my Medical Records and his Supervisor, Dr. Nigel Shenoy, MD, Staff Physician-Physical Medicine and Rehabilitation Service at both the V.A. Hospitals located at 385 Tremont Avenue, East Orange, New Jersey, 07018 and 151 Knollcroft Road, Lyons, New Jersey, 07939 performed a new Orthopedic Evaluation as well as provided me a letter to submit to the Agency for same. During every Orthopedic Evaluation I was Medically Cleared for Duty.

        1. Erroneous Report in Medical Records from Dr. Patel, Orthopedic Specialist at the VA Hospital in East Orange N.J.--- ROI, Tab F-1a, Mayoral P.000160

        2. Orthopedic Evaluation with Supporting letter and Correction Addendum to Official VA Medical Records regarding erroneous entry of "History of PTSD" by Dr. Patel--- ROI, Tab F-1a, Mayoral P.000171 through P.000183

13. State the basis for your claim that your misdiagnosed PTSD is the reason you were disqualified from the CBP Officer position.

    a. Misdiagnosis of PTSD is the reason I was disqualified from the CBP Officer position due to the facts that until the discrepancy in my medical records I had met and exceeded the standard in every aspect of the processing for the position. Although I immediately responded to every request for additional medical records, had updated evaluations performed by the treating physician, disputed & corrected the misdiagnosis of PTSD, my medical records were amended, an updated Orthopedic Evaluation was performed by Dr. Nigel Shenoy, MD, Staff Physician-Physical Medicine and Rehabilitation Service at both of the V.A. Hospitals located at 385 Tremont Avenue, East Orange, New Jersey, 07018 and 151 Knollcroft Road, Lyons, New Jersey, 07939 and also at the Agency's request I went for an outside Psychological evaluation at my own expense which cost approximately $700.00 as stipulated in the Settlement Agreement which was reached, the Agency still refused to Medically clear me and send me on to the Academy at the Federal Law Enforcement Academy at FLETC in Glynco, Georgia.

**Reference to supporting Evidence as to Discrimination for a
Military Service Connected Disability and Perceived Mental
Disability (PTSD) included in the Report of Investigation are
as follows:**

1. Executive Order 13548 signed July 26, 2010 by President
   Obama--- ROI, Tab-F, Mayoral P.000238

2. Email request from Daniel Sikkink to Complainant with
   Password protected, bulleted list requesting records of a
   Perceived Mental Disability specifically PTSD (Dated July
   29, 2016) --- ROI, Tab-F, Mayoral P.000239, through
   P.000242

3. Medical Evaluations which repeatedly state, "No PTSD"
   and "No Classifications or diagnosis under the DSM-
   Mental Health Guidelines. Dr. Le Min Chin and Dr. Sous
   of the VA Mental Health Clinic in Hackensack N.J. (6
   Evaluations, VA Medical Records and Progress Notes) ---
   ROI, Tab F-1a, Mayoral P.000106 through P.000155

4. Erroneous Report in Medical Records from Dr. Patel, Orthopedic
   Specialist at the VA Hospital in East Orange N.J.--- ROI, Tab F-
   1a, Mayoral P.000160

5. Orthopedic Evaluation with Supporting letter and
   Correction Addendum to Official VA Medical Records
   regarding erroneous entry of "History of PTSD" by Dr.
   Patel--- ROI, Tab F-1a, Mayoral P.000171 through P.000183

6. Settlement Agreement during Informal Mediation of October 3,
   2015 to include New Mental Health Evaluation within 30 days of
   agreement (Evaluation completed on October 16, 2015) --- ROI,
   Tab F-1a, Mayoral P.000273 through P.000277

7. Copy of New Mental Health Evaluation performed by the
   Institute of Forensic Psychology on October 16, 2015
   (Report submitted by Institute October 23, 2015) which is
   not in the Report of Investigation and should be added to
   the Official record as evidence.

8. Proof of Military Discharge/ VA Disability with Reason for
   Decision and full Breakdown of Wartime Service
   Connected Disability--- ROI, Tab F-1a, Mayoral P.000303
   through P.000323

14. State the basis for your claim under the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973, as stated in the relief section of the complaint.

    a. The Rehabilitation Act of 1973 protects Federal Employees from discrimination based on Disability. In 1992, the Rehabilitation Act was amended to apply provisions set forth in the Americans with Disabilities Act of 1990. These Acts also provide an employee with a right to a reasonable accommodation. An accommodation was never needed nor requested by the Complainant.

    Currently, the Federal Government Employs Disabled American Veterans with Wartime Service Connected Post Traumatic Stress Disorder, who are weapons carrying Officers, are performing the duties of a Law Enforcement Officer and functioning well. Even though Post Traumatic Stress Disorder does not disqualify an individual from employment as a Law Enforcement Officer, I do not have that condition. I was required to undergo Six (6) Mental Health Evaluations by the treating Physicians at the VA Hospital's Mental Health Clinic in Hackensack New Jersey which stated that I do not have PTSD, I do not meet the criteria of any classifications in the Diagnostic and Statistical Manual of Mental Disorders-DSM, and I am "Mentally Cleared" for Duty.

    I was later required to undergo yet another Mental Health/ Psychological Evaluation from an outside Agency, the Institute of Forensic Psychology at great personal expense which was part of the Informal Mediation process when a settlement was reached. The evaluation findings were identical to the VA Mental Health Clinic which stated that there was no diagnosis category in the Diagnostic and Statistical Manual of Mental Disorders-DSM, no reason to believe that I have Post Traumatic Stress Disorder, that I am Medically and Mentally "Fit for Duty" and debunk the Agency's position of a disqualifying Medical/ Mental Health condition

15. State the basis for your claim under the Vietnam Era Veterans' Readjustment Assistance Act, as stated in the relief section of the complaint.

    a. Originally passed in 1974, the Vietnam Era Veterans' Readjustment Assistance Act (VEVRAA) aimed to provide assistance to returning Vietnam veterans and to protect them from employment discrimination. VEVRAA is one of two key federal laws prohibiting discrimination against returning veterans. The provisions of this act protect Veterans with a Military Service Connected Disability and also protects against discrimination for a "Perceived Disability" as well.

    Currently, the Federal Government Employs Disabled American Veterans with Wartime Service Connected Post Traumatic Stress

Disorder, who are weapons carrying Officers, are performing the duties of a Law Enforcement Officer and functioning well. Even though Post Traumatic Stress Disorder does not disqualify an individual from employment as a Law Enforcement Officer, as was previously stated I do not have that condition. I was still required to undergo Six (6) Mental Health Evaluations for a condition I do not have by the treating Physicians at the VA Hospital's Mental Health Clinic in Hackensack New Jersey which stated that I do not have PTSD, I do not meet the criteria of any classifications in the Diagnostic and Statistical Manual of Mental Disorders-DSM, and I am "Mentally Cleared" for Duty.

I was later required to undergo yet another Mental Health/ Psychological Evaluation from an outside Agency, the Institute of Forensic Psychology at great personal expense which was part of the Informal Mediation process when a settlement was reached. The evaluation findings were identical to the VA Mental Health Clinic which stated that there was no diagnosis category in the Diagnostic and Statistical Manual of Mental Disorders-DSM, no reason to believe that I have Post Traumatic Stress Disorder, that I am Medically and Mentally "Fit for Duty" and debunk the Agency's position of a disqualifying Medical/ Mental Health condition.

These unnecessary Medical Evaluations were due to an erroneous report in my VA Medical Records from Dr. Patel, who is an Orthopedic Specialist at the VA Hospital in East Orange N.J., is not a Mental Health practitioner, has no training nor specialty in that field and is in no position to make any such diagnosis or assumptions as to my Mental Health.

During the Orthopedic Evaluation requested by the Agency with respect to a Military Service Connected Injury to my Right Shoulder, Dr. Patel made erroneous statements to the affect that I had PTSD-Post Traumatic Stress Disorder when I do not and it has absolutely nothing to do with my Military Service Connected Disability. He later recanted his statement and corrected my Medical Records and his Supervisor, Dr. Nigel Shenoy, MD, Staff Physician-Physical Medicine and Rehabilitation Service at both the V.A. Hospitals located at 385 Tremont Avenue, East Orange, New Jersey, 07018 and 151 Knollcroft Road, Lyons, New Jersey, 07939 performed a new Orthopedic Evaluation as well as provided me a letter to submit to the Agency for same. During every Orthopedic Evaluation I was Medically Cleared for Duty.

Although the Agency was provided with overwhelming evidence to that affect they refused to Medically Clear me for Duty and provide me with an Entry on Duty date for the Federal Law Enforcement Academy which is clearly Discrimination for a Perceived Mental

Disability.

*Reference to supporting Evidence as to Discrimination for a Military Service Connected Disability and Perceived Mental Disability (PTSD) included in the Report of Investigation are as follows:*

1. *Executive Order 13548 signed July 26, 2010 by President Obama--- ROI, Tab-F, Mayoral P.000238*

2. *Email request from Daniel Sikkink to Complainant with Password protected, bulleted list*

*requesting records of a Perceived Mental Disability specifically PTSD (Dated July 29, 2016) --- ROI, Tab-F, Mayoral P.000239, through P.000242*

3. *Medical Evaluations which repeatedly state, "No PTSD" and "No Classifications or diagnosis under the DSM- Mental Health Guidelines.*

   - *Dr. Le Min Chin and Dr. Sous of the VA Mental Health Clinic in Hackensack N.J. (6 Evaluations, VA Medical Records and Progress Notes) --- ROI, Tab F-1a, Mayoral P.000106 through P.000155*

   - *Erroneous Repot in Medical Records from Dr. Patel, Orthopedic Specialist at the VA Hospital in East Orange N.J.--- ROI, Tab F-1a, Mayoral P.000160*

   - *Orthopedic Evaluation with Supporting letter and Correction Addendum to Official VA Medical Records with regard to erroneous entry of "History of PTSD" by Dr. Patel-- - ROI, Tab F-1a, Mayoral P.000171 through P.000183*

   - *Settlement Agreement during Informal Mediation of October 3, 2015to include New Mental Health Evaluation within 30 days of agreement (Evaluation completed on October 16, 2015) --- ROI, Tab F-1a, Mayoral P.000273 through P.000277*

   - *Copy of New Mental Health Evaluation performed by the Institute of Forensic Psychology on October 16, 2015 (Report submitted by Institute October 23, 2015) which is not in the Report of Investigation and should be added to the Official record as evidence.*

   - *Proof of Military Discharge/ VA Disability with Reason for Decision and full Breakdown of Wartime Service Connected Disability--- ROI, Tab F-1a, Mayoral P.000303 through P.000323*

4.  *Copy* of *letter retracting Job offer signed by Jessica Dorfsman, Section Chief and Supervisory Program Manager* of *the Medical Review Unit at the Dallas Processing Center in Dallas, Texas. Retraction was due* to *a perceived Mental Disability--- ROI, Tab F-4f, P.000471*

5.  *Copy* of *Pre-Employment Medical Status-Agency document (All documents were received but "NEVER" reviewed) --- ROI, Tab F-4g, P.000473*

6.  *Comprehensive Health Services- Primary reviewing physician medical recommendation by Dr. Phong D. Nguyen; ltem#5* of *additional documentation requested which pertains* to *Grief Counseling;*

    *   *Medical Records*

    *   *Recent Mental Health Professional exam and opinion* on *limitations-No mention* of *request for DSM codes or diagnosis. (5 evaluations provided by treating Mental Health Professional-Dr. Le Min Chin* of *the VA Mental Health Clinic, Hackensack N.J.) ---ROI, Tab F-5b, P.000593*

7.  *U.S. Customs and Border Protection Anti-Discrimination* & *Anti-Harassment Policy Statement (Dated July 18, 2014) --- ROI, Tab F-6a, P.000619 and P.000620*

8.  *U.S. Customs and Border Protection Merit Promotion; ltem#2 Policy-"Selection based solely on the relative ability, knowledge and skills of each applicant after fair and open competition". --- ROI, Tab F-6b, P.000622 through P.000636*

16. State the basis for your claim under the Privacy Act, as stated in the relief section of the complaint.

    a.  The Defendant and its Agents also committed violations of Personally Identifiable Information by disclosing the Plaintiff's records of these proceedings, mediation settlement agreement and personal information to parties without a need to know and individuals that were not party to this case or these proceedings through malice or incompetence. The first incident was by Lynn Martin-Nurse Consultant when through malice or negligence she mixed up Medical documents of mine and that of another applicant, Mr. Brian Wood- Applicant ID# 8348403 and released them via email attachment.

        I was made aware of the discrepancy by my Primary Care Physician at the VA Hospital's Medical Clinic in Paterson New Jersey where I had a scheduled appointment to request referrals for multiple Medical Evaluations that were requested by the Agency for my medical clearance. I immediately contacted Ms. Martin from the VA Clinic to make her aware of the incident and inform her that my Primary Care Doctor is refusing to schedule the referrals for me without the correct

forms containing my information because she cannot provide Evaluations for an unknown individual. Ms. Martin told me just tear up the forms I have, throw them away and she was emailing me new forms with my information on them. The staff at the VA Hospital allowed me access to the internet and a printer to get the new forms so that I would not have to make another appointment and lose more time from work.

b. The second incident was Samir W. Attia- Agency appointed Mediator when through malice or negligence released EEOC case information and Informal Mediation Settlement Agreement information to an uninvolved party, Mr. Christopher Bowman in direct violation of *the provisions of the Privacy Act (5 U S.C. § 552a) and the Health Insurance Portability and Accountability Act (HIPAA); see§ 264 of Public Law 104-191, §§ 13400- 13424 of Public Law 11-5 and 45 C.F.R. § 164 et seq., Title 42 United States Code Section 12101 et seq., Title 42 United States Code Section 12112(a), 29 U.S.C. Section 794, Pub. L. No. 93-112, 87* Stat. *394 (Sept. 26, 1973), codified at 29 U.S.C. § 701 et seq., 38 U.S. Code§ 4212. The Agency also violated DHS Directive 0470.2, (Privacy Act Compliance)*

c. October 6, email from Agency assigned Mediator, Samir Attia with PII/HIPPA violation by releasing EEOC case information and Informal Mediation information to an uninvolved party, Mr. Christopher Bowman.

d. October 8, 2014 email response from Christopher Bowman informing Samir Attia that he sent the information to the wrong individual.

e. October 9, 2014 email reply from Samir Attia to Christopher Bowman apologizing for sending him the email that was intended for Ms. Gayle Bowman. PII Breach was never Self-Reported by Samir Attia which is required by Agency Policy & Regulations as per *DHS Directive 0470.2, (Privacy Act Compliance)*

17. State the basis for your claim under the Health Insurance Portability and Accountability Act, as stated in the relief section of the complaint.

a. The Defendant and its Agents also committed violations of the Health Insurance Portability and Accountability Act (HIPAA) by disclosing the Plaintiff's records of these proceedings, mediation settlement agreement and personal information to parties without a need to know and individuals that were not party to this case or these proceedings through malice or negligence.

b. The first incident was by Lynn Martin-Nurse Consultant when through malice or negligence she mixed up Medical documents of mine and that of another applicant, Mr. Brian Wood- Applicant ID# 8348403 and released them via email attachment. I was made aware

of the discrepancy by my Primary Care Physician at the VA Hospital's Medical Clinic in Paterson New Jersey where I had a scheduled appointment to get referrals for multiple Medical Evaluations that were requested by the Agency for my medical clearance.

I immediately contacted Ms. Martin from the VA Clinic to make her aware of the incident and inform her that my Primary Care Doctor is refusing to schedule the referrals for me without the correct forms containing my information because she cannot provide Evaluations for an unknown individual. Ms. Martin told me just tear up the forms I have, throw them away and she was emailing me new forms with my information on them. The staff at the VA Hospital allowed me access to the internet and a printer to get the new forms so that I would not have to make another appointment and lose more time from work.

c. The second incident was Samir W. Attia- Agency appointed Mediator when through malice or negligence released EEOC case information and Informal Mediation Settlement Agreement information which included an updated Psychological evaluation to an uninvolved party, Mr. Christopher Bowman in direct violation of the provisions of the Privacy Act (5 U S.C. § 552a) and the Health Insurance Portability and Accountability Act (HIPAA); see§ 264 of Public Law 104-191, §§ 13400- 13424 of Public Law 11-5 and 45 C.F.R. § 164 et seq., Title 42 United States Code Section 12101 et seq., Title 42 United States Code Section 12112(a), 29 U.S.C. Section 794, Pub. L. No. 93-112, 87 Stat. 394 (Sept. 26, 1973), codified at 29 U.S.C. § 701 et seq., 38 U.S. Code§ 4212. The Agency also violated DHS Directive 0470.2, (Privacy Act Compliance)

d. October 6, email from Agency assigned Mediator, Samir Attia with PII/HIPAA violation by releasing EEOC case information and Informal Mediation information to an uninvolved party, Mr. Christopher Bowman.

e. October 8, 2014 email response from Christopher Bowman informing Samir Attia that he sent the information to the wrong individual.

f. October 9, 2014 email reply from Samir Attia to Christopher Bowman apologizing for sending him the email that was intended for Ms. Gayle Bowman. PII/HIPAA Breaches were never Self-Reported by Lynn Martin or Samir Attia which is required by Agency Policy & Regulations as per *DHS Directive 0470.2, (Privacy Act Compliance)*

18. Identify any administrative EEO complaint that you filed with the federal government. Attach copies of any such EEO complaint(s) and all documents related to such complaint(s).

a. EEOC No. 520-2015-00495X Agency No: HS-CBP-01927-2014 (Copies of all documents relating to this EEO complaint are included in the ROI- Report of Investigation, are in the Agency's possession and a matter of record. Copy of the ROI is included with this filing for the Court.)

b. DHS Form 3090-1_RETALIATION_Original_1_30_2017(Copies of the documents relating to this EEO complaint for Retaliation/Reprisal are included with this filing for the Agency and the Court.)

c. Agency No: HS-ICE-26719-2016 (Copies of the documents relating to this EEO complaint are included with this filing for the Agency and the Court.)

d. Breach Decision on Settlement Agreement-Dated December 21, 2016 (Copies of the Breach Decision documents relating to Agency Complaint No: HS-ICE-26719-2016 are included with this filing for the Agency and the Court.)

19.    Identify by case name all lawsuits in which you have been a party, other than the instant lawsuit, since you were twenty-one years of age. In addition to the name of each case, state for each case the docket number, the court in which the action was filed, the nature of the action and the current status or final disposition. Attach copies of any document relating to such lawsuits.

a. The only Lawsuit that I am currently a party of is

**Reno E. Mayoral**
**Complainant, Plaintiff,**
**vs.**
**Jeh Johnson**
**Secretary, Department of Homeland Security,**
**U.S. Customs and Border Protection, et al.**

for EEOC No. 520-2015-00495X Agency No: HS-CBP-01927-2014 (Copies of all documents relating to this EEO complaint are included in the ROI- Report of Investigation, are in the Agency's possession and a matter of record with the Court. Copy of the ROI is included with this filing for the Court.)

20.    Identify all of the grievances and complaints, which you allege in the complaint, that you filed to correct the discrimination that you allegedly experienced. In your identification of such grievances and complaints, provide the following information: dates of the complaint or grievances, description of the matters covered by the complaint or grievance and the present status or final disposition of each complaint or grievance. Attach copies of any such grievances or complaints and all documents related to such grievances and complaints.

a. The following grievances and/or complaints to correct the Disability Discrimination for a "Perceived Disability" (PTSD-Post Traumatic Stress Disorder), PII/HIPPA Violations and Retaliation/Reprisal for same that I experienced:

- EEOC No. 520-2015-00495X Agency No: HS-CBP-01927-2014 filed on November 24, 2014 which originally addressed

    1. Americans with Disabilities Act of 1990 (ADA) [42 U.S.C. §§ 1981a, 12101 et seq.]

    2. Rehabilitation of 1973, 29 U.S.C. Sections 794, Pub. L. No. 93-112, 87 Stat. 394 (Sept. 26, 1973) [Codified at 29 U.S.C. § 701 et seq.]

    3. Vietnam Era Veterans' Readjustment Assistance Act of 1974 (VEVRAA) [38 U.S.C. § 4212]

    4. OHS Directive 0470.2, (Privacy Act Compliance and Safeguarding Personally Identifiable Information-PII)

    5. Privacy Act (5 U S.C. § 552a)

    6. Health Insurance Portability and Accountability Act (HIPAA); see§ 264 of Public Law 104-191, §§ 13400- 13424 of Public Law 11-5 and 45 C.F.R. § 164 et seq.

Status- the Agency filed false allegations with Customs and Border Protection's OPM/OPR Division in Retaliation/Reprisal prior to the Final Administrative Hearing. Response was filed along with a request to amend the original complaint but the motion to amend was denied, because it was procedurally too late in the processing of the case to amend a new claim so to that extent the Retaliation/Reprisal was included with this Civil action for the current complaint.

This complaint also addresses the Two (2) PII and HIPAA Breaches which occurred on April 10, 2014 by Lynn Martin in a request for additional medical evaluations email with corresponding responses and replies referenced in the ROI, Tab F, P.000213 through P.000221

The second of Two (2) PII and HIPAA Breaches occurred in emails dated October 6th, October 8th and October 9, 2014which contained the following:

    1. October 6, email from Agency assigned Mediator, Samir Attia with PII/HIPPA

> violation by releasing EEOC case information and Informal Mediation information to an uninvolved party, Mr. Christopher Bowman.
>
> 2. October 8, 2014 email response from Christopher Bowman informing Samir Attia that he sent the information to the wrong individual.
>
> 3. October 9, 2014 email reply from Samir Attia to Christopher Bowman apologizing for sending him the email that was intended for Ms. Gayle Bowman.
>
> 4. PII/HIPAA Breaches were never Self-Reported by Lynn Martin nor Samir Attia which is required by Agency Policy & Regulations as per DHS Directive 0470.2, (Privacy Act Compliance)
>
> The Administrative Judge stated that PII and HIPAA violations cannot be presided over in the Administrative process, so I would need to seek relief in another setting. After the Administrative Judge gave an initial decision in favor of the Agency, I received a copy of my appeal rights which allowed for me to file this action in Civil Court before a Jury.

21. State the basis for your claim that as a result of filing the grievances and complaints with the EEOC, Defendants retaliated against the Plaintiff by refusing to promote the Plaintiff for any job for which he applied. Attach copies of any documents relating to this claim.

> a. Prior to filing EEOC No. 520-2015-00495X Agency No: HS-CBP-01927-2014 and after requesting reconsideration, Daniel Sikkink Supervisor of the Medical Review Unit at the Dallas Processing Center, Dallas Texas instructed me to apply for any subsequent Job Announcements because he stated, "It would keep my file active and I would not have to repeat some of the steps in the application process for example the written exam. I followed his instruction and received a "PASS" for the written exam, Video Based Test and Oral Board Interview. I had to repeat the Medical Examination, the PFT-1 Fitness Test, and Polygraph exam even though it was less than two years since my previous Polygraph and should have received a "PASS" as well.
>
> My Medical records never came into question during the application process for Job Announcement No. CBPO 14-2 and there was never any mention of my Service Connected

Disability nor PTSD. However, I was made required to repeat the Polygraph Examination Three (3) times. The first time it was conducted at the Newark New Jersey Field Office for CBP by Mathew Gunnarson on July 2, 2015. I was told that my readings were odd, it was "Inconclusive" and I was required to return on another date. The second time it was conducted by Ms. Sapphia Small August 17, 2015 also at the Newark Field Office for CBP. I was told that my readings were odd again and it was deemed "Inconclusive". This time Ms. Small asked if I had any medical conditions that would affect my breathing. I responded by saying I had a tear in my Septum due to a Service connected injury which I disclosed during the medical exam and is thoroughly documented in my medical records. She stated that it explained why my readings were odd with my breathing. She told me that I would be rescheduled for a Third Polygraph examination but this time I was required to go to Kennedy Airport in New York which was conducted by Larry A. Gordon on September 1, 2015. After several hours of testing, I was told that my test was "Inconclusive" and that it was up to the Agency if they wanted to conduct a Fourth test. I was later contacted by CBP and told that I would not continue in the process for the position based on the "Inconclusive" Polygraph exam.

Then on November 29, 2017, Jessica Dorfsman filed the following request with the Office of Personnel Management (OPM):

Dear Mr. Mayoral:

This is regarding your tentative selection for the position of Customs and Border Protection Officer with the Department of Homeland Security (OHS), U.S. Customs and Border Protection (CBP). You applied for the position of Customs and Border Protection Officer, GS-1895-7 located in Newark NJ and were certified eligible on certificate LN- I 5-CB7-4454I SO.

In accordance with 5 U.S.C. § 3318 (b)(2), this letter serves as offi cia l advance notification of our request to the U.S. Office of Personnel Management (OPM) to pass over you and remove you from consideration on this certificate.

Following a comprehenive review of the results of your background investigation, we seek OPM's approval to remove you from consideration for the following reason(s): The CBP Office of Professional Responsibility has found that you are not suitable for this position due to *Criminal or Dishonest Conduct Illegal Use of Narcotics, Drugs, or Other Con/rolled Substances.*

Based on the above, a request to pass over you and remove you from consideration has been submitted to OPM. As stated in 5 U.S.C. § 33 I 8, as a CPS veteran. you have 15 days from the date you receive this notification to respond to OPM as to why you believe you should be considered for this position. If you elect to do this, you must submit a written response to OPM, within 15 days of this notification. at the

following address:

U.S. Office of Personnel Management
Human Capital Leadership and Merit System Accountability Division
1900 E Street. NW, Room 7470
Washington, DC 20415

For your convenience, I have attached a copy of the vacancy

announcement. OPM will notify you directly of their decision.

Sincerely,

Jessica Dorfsman
Chief, Pre-Employment Clearance and Scheduling
Branch Attachment

22.   State the basis for your claim that as a result of drug use or admitting to
      drug use, Defendants retaliated against the Plaintiff by refusing to promote
      the Plaintiff for any job for which he applied. Attach copies of any documents
      relating to this claim.
            a. On November 29, 2017, Jessica Dorfsman filed the
               following request with the Office of Personnel
               Management (OPM):

Dear Mr. Mayoral:

This is regarding your tentative selection for the position of Customs and Border Protection Officer with
the Department of Homeland Security (OHS), U.S. Customs and Border Protection (CBP). You applied
for the position of Customs and Border Protection Officer, GS-1895-7 located in Newark NJ and were
certified eligible on certificate LN- l 5-CB7-4454l SO.

In accordance with 5 U.S.C. § 3318 (b)(2), this letter serves as offi cia l advance notification of our
request to the U.S. Office of Personnel Management (OPM) to pass over you and remove you from
consideration on this certificate.

Following a comprehensive review of the results of your background investigation, we seek OPM's approval to
remove you from consideration for the following reason(s):  The CBP Office of Professional Responsibility
has found that you are not suitable for this position due to *Criminal or Dishonest Conduct Illegal Use of
Narcotics, Drugs, or Other Controlled Substances.*

Based on the above, a request to pass over you and remove you from consideration has been submitted
to OPM. As stated in 5 U.S.C. § 33 l 8, as a CPS veteran. you have 15 days from the date you receive this
notification to respond to OPM as to why you believe you should be considered for this position. If you
elect to do this, you must submit a written response to OPM, within 15 days of this notification. at the

following address:

U.S. Office of Personnel Management
Human Capital Leadership and Merit System Accountability Division
1900 E Street. NW, Room 7470
Washington, DC 20415

For your convenience, I have attached a copy of the vacancy

announcement. OPM will notify you directly of their decision.

Sincerely,

*Jessica Dorfsman* (signature)

Jessica Dorfsman
Chief, Pre-Employment Clearance and Scheduling
Branch Attachment

b. I responded to the CBP Office of Professional
Responsibility's findings that I am not suitable for the
position of Customs and Border Protection Officer due to
alleged Criminal or Dishonest Conduct Illegal Use of
Narcotics, Drugs, or Other Controlled Substances. The
Agency's claim is based on a series of Polygraph
Examinations that were conducted. The first two were in
their Field Office located at 1100 Raymond Blvd,
Newark, NJ 07104 and the third at the CBP Office, JFK
International Airport, Building #77, Room P2, Jamaica,
New York 11430.

c. All were found to be inconclusive and the Agency opted
not to perform another polygraph examination. The
alleged Criminal or Dishonest Conduct Illegal Use of
Narcotics, Drugs, or Other Controlled Substances was
based on a voluntary self-admission of a "One Time" use
for experimentation due to peer pressure at age 13
during the Agency requested Polygraph Examination.
This was just a one-time occurrence, there was never
been any detainment, arrest or Criminal Prosecution as
a Minor Child nor as an Adult and there was never a
repeat of use. The Agency was attempting to use this
Voluntary Admission of one-time use as a minor child to

render me ineligible not only for the position Customs and Border Protection Officer but for any covered Law Enforcement position that I may apply for in the future in retaliation for EEOC Case No: 520-2015-00495X under Agency No: HS-CBP-01927-2014 for Discrimination of A Military Service Connected Disability and Disability Discrimination under the Americans with Disabilities ACT of 1990 (ADA1990).

This complaint involves the following individuals and entities:

- CBP Minneapolis Hiring Center (MHC)

- Lynn Martin, Nurse Coordinator at the CBP Medical Review Unit

- Mr. Daniel Sikink, a Supervisor of the CBP Medical Review Unit

- Jessica Dorfsman, at the time was the Supervisory Program Manager/Branch Chief

- US Customs and Border Protection Agency as an Entity

d. The Agency's claim is that due to this "Inconclusive Polygraph Examination" and allegations of Criminal or Dishonest Conduct Illegal Use of Narcotics, Drugs, or Other Controlled Substances they are requesting from the Office of Personnel Management (OPM) pass me over and remove me from consideration on Certificate# LN-15-CB7-44541S0. This Claim and these allegations are slanderous, erroneous, have no merit under the Law and should never be entertained by the Office of Personnel Management. First and foremost a one-time use for experimentation as a minor child which was a voluntary admission for the purpose of the Polygraph Examination does constitute Criminal or Dishonest Conduct Illegal Use of Narcotics, Drugs, or Other Controlled Substances and is well beyond the timeline for hiring purposes, does not carry over to an Adult Criminal record especially with no arrests nor convictions of same, the one-time use was over 38 years ago with no other incident since which is well past the Agency timeline requirement of explanation of any Drug Use within 10 years prior to the application process, and the Agency's determination for

unsuitability is highly suspect because of the current litigation for Disability Discrimination of a Gulf War ERA Service Connected Veteran.

23.   Please set forth in detail the protected activity for which Plaintiff claims caused the alleged retaliation. Please specify in detail the act of the protected activity, the date of the protected activity, persons present during the protected activity, the nature and persons present for any conversations during the protected activity and produce all documents related to the protected activity.

   a. There is no protected activity to speak of other than voluntary admissions of "One Time Use" for experimentation due to peer pressure with no Arrests, Police or Family Court involvement, allegations from over approximately Four (4) Decades ago does not constitute Criminal or Dishonest Conduct Illegal Use of Narcotics, Drugs, or Other Controlled Substances.

24.   If there were conversations or admissions by any of the parties to this lawsuit or any persons with knowledge of any relevant facts as to the matter of the happening of the occurrence complained of or the fault of responsibility of any of the parties involved, describe in detail the substance of such conversation or admission, by whom it was made, to whom it was made, in whose presence and the date it occurred. Attached a copy of any written statement of any such conversation and/or admission.

   b. The facts are that I applied for two Vacancy Announcements for the same position in 2013 which is the subject of EEOC Case No: 520-2015-00495X under Agency No: HS-CBP-01927-2014 and prior to that under Vacancy ID# 578308 for which I was administered the very same Polygraph Exam at the CBP Office, JFK International Airport, Building #77, Room P2, Jamaica, New York 11430 by Douglas S. Marshall, I provided the same responses as the 3 most recent Polygraph Examinations administered in 2015 which were determined inconclusive, the same voluntary statement of one-time use at age 13 and received a "PASS" for that Polygraph Examination on September 10, 2012. This would conclude that the Agency's claim of unsuitability is both erroneous and negligent or in retaliation of the EEOC complaint has no merit under the law, is Deliberately Slandering by False Accusation and Liable.

   c. On November 29, 2017, Jessica Dorfsman filed the following request with the Office of Personnel Management (OPM):

Dear Mr. Mayoral:

This is regarding your tentative selection for the position of Customs and Border Protection Officer with the Department of Homeland Security (OHS), U.S. Customs and Border Protection (CBP). You applied for the position of Customs and Border Protection Officer, GS-1895-7 located in Newark NJ and were certified eligible on certificate LN- I 5-CB7-4454I SO.

In accordance with 5 U.S.C. § 3318 (b)(2), this letter serves as official advance notification of our request to the U.S. Office of Personnel Management (OPM) to pass over you and remove you from consideration on this certificate.

Following a comprehensive review of the results of your background investigation, we seek OPM's approval to remove you from consideration for the following reason(s):  The CBP Office of Professional Responsibility has found that you are not suitable for this position due to *Criminal or Dishonest Conduct Illegal Use of Narcotics, Drugs, or Other Con/rolled Substances.*

Based on the above, a request to pass over you and remove you from consideration has been submitted to OPM. As stated in 5 U.S.C. § 33 I 8, as a CPS veteran. you have 15 days from the date you receive this notification to respond to OPM as to why you believe you should be considered for this position. If you elect to do this, you must submit a written response to OPM, within 15 days of this notification. at the following address:

U.S. Office of Personnel Management
Human Capital Leadership and Merit System Accountability Division
1900 E Street. NW, Room 7470
Washington, DC 20415

For your convenience, I have attached a copy of the vacancy

announcement. OPM will notify you directly of their decision.

Sincerely,

*Jessica Dorfsman* [signature]

Jessica Dorfsman
Chief, Pre-Employment Clearance and Scheduling
Branch Attachment

> However, Jessica Dorfsman gave an Official Statement to the EEOC on April
> 22, 2015 which was over Two (2) years prior to the request she on November
> 29, 2017 where while she was working and acting in her official capacity for
> US Customs and Border Protection. She filed the request with the Office of
> Personnel Management (OPM) to have me to pass me over and remove me
> from consideration for the Position of CBPO-Customs and Border Protection
> Officer based on false allegations of Criminal activity  stemming from a one-
> time use for experimentation as a minor child which was a voluntary
> admission for the purpose of the Polygraph Examination does not constitute

Criminal or Dishonest Conduct Illegal Use of Narcotics, Drugs, or Other
Controlled Substances and is well beyond the timeline for hiring purposes,
does not carry over to an Adult Criminal record especially with no arrests nor
convictions of same, the one-time use was over 38 years ago with no other
incident since which is well past the Agency timeline requirement of
explanation of any Drug Use within 10 years prior to the application process.
Jessica Dorfsman' s Statement to the EEOC dated April 22, 2015, the above
request to the Office of Personnel Management (OPM) dated November 29,
2017, her testimony during the EEOC Administrative Hearing and the
Official Record that I provided the same responses as the 3 most recent
Polygraph Examinations administered in 2015 which were determined
inconclusive, gave the same voluntary statement of one-time use at age 13
and received a "PASS" for that Polygraph Examination on September 10,
2012 when I was administered the very same Polygraph Exam at the CBP
Office, JFK International Airport, Building #77, Room P2, Jamaica, New
York 11430 by Douglas S. Marshall.

*Reference to supporting Evidence as to conversations or admissions by any of
the parties to this lawsuit or any persons with knowledge of any relevant facts
as to the matter of the happening of the occurrence complained of or the fault
of responsibility of any of the parties involved included in the Report of
Investigation and supporting documentation marked "Final Formal Hearing
Presentation Exhibits#8 through 10 are as follows:*

- *Tab F-2 UNSWORN DECLARATION UNDER PENALTY OF
PERJURY to EEOC from Jessica Dorfsman (Report of Investigation-ROI page
407 through page 413)* **Exhibit# 8-** *Eight (8) emails following Informal
Mediation on October 3, 2014 where settlement was reached and Applicant
complied with Terms of Settlement to have a Psychological Evaluation
performed by outside Agency at own expense in order to be Mentally Cleared for
Duty and receive an EOD- "Entry on Duty" Date and Academy Class date.*

  *(1) October 7, 2014 email to Lynn Martin with requested Medical records
  attached and appointment date for outside evaluation by the Institute
  for Forensic Psychology*

  *(2) October 8, 2014 email from Lynn Martin confirming that the requested
  information was received.*

  *(3) October 6, email from Agency assigned Mediator, Samir Attia with
  PII/HIPPA violation by releasing EEOC case information and Informal
  Mediation information to an uninvolved party, Mr. Christopher
  Bowman*

  *(4) October 8, 2014 email response from Christopher Bowman informing
  Samir Attia that he sent the information to the wrong individual*

  *(5) October 9, 2014 email reply from Samir Attia to Christopher Bowman
  apologizing for sending him the email that was intended for Ms. Gayle*

*Bowman (PII Breach was never Self-Reported by Samir Attia)*

    *(6) October 6, 2014 email confirming time and location of outside Mental Health Evaluation at own expense on October 61, 2014*

    *(7) Copy of Mental Health Evaluation by the Institute for Forensic Psychology date of report October 17, 2014 and stamped received by Agency October 23, 2014*

    *(8) October 28, 2014 email from Geoffrey Stephens outlining the Terms of the Informal Mediation Agreement settled on October 3, 2014 during Informal Mediation with Jessica Dorfsman and Lynn Martin with scheduled execution within 30 calendar days of the agreement.*

    *(9) October 28, 2014 email to Geoffrey Stephens concurring with the Terms of the Informal Mediation Agreement settled with Jessica Dorfsman and Lynn Martin on October 3, 2014*

-   ***Exhibit# 9-*** *Eleven (11) emails with supporting documentation with respect to Retaliation/ Reprisal by the Agency specifically Jessica Dorfsman filing false allegations with the U.S. Office of Personnel Management through the CBP Office of Professional Responsibility for Criminal Misconduct, Illegal Use of Narcotics, Drugs or Other Controlled Substances for a Voluntary Admission during an Agency requested Polygraph Examination of a one-time experimentation use as a minor child at age 13 (37 years ago) which is well beyond the timeline for hiring purposes.*

    *(1) November 29, 2016 Official Notification of CBP OPM Pass Over Request & 15 day Right to Respond*

    *(2) December 7, 2016 response to Official Notification of CBP OPM Pass Over Request & 15 day Right to Respond with respect to my Self Statement regarding Eligibility Certificate# LN-15-CB7-4454150*

    *(3) September 10, 2012 email confirmation from Douglas Marshall of Polygraph Examination Appointment at JFK CBP Office of Internal Affairs-Credibility Assessment Division ("PASSED" Polygraph Examination)*

    *(4) July 2, 2015 email confirmation from Matthew Gunnarson of Polygraph Examination Appointment at CBP Internal Affairs Office 1100 Raymond Blvd, Newark, New Jersey (Inconclusive Determination)*

    *(5) August 17, 2015 email confirmation from Sapphia Small of Polygraph Examination Appointment at CBP Internal Affairs Office 1100 Raymond Blvd, Newark, New Jersey (Inconclusive Determination)*

(6) *September 1, 2015 email confirmation from Larry Gordon of Polygraph Examination Appointment at JFK CBP Office of Internal Affairs-Credibility Assessment Division (Inconclusive Determination)*

(7) *January 5, 2017 response letter from OPM- Office of Personnel Management in Washington, D.C. which states that my response was sent to the wrong entity due to incorrect Point of Contact information sent by Jessica Dorfsman in her signed letter dated November 29, 2016. This letter was attached to her email  of Official Notification of CBP OPM Pass Over Request & 15 day Right to Respond also dated November 29, 2016*

(8) *January 6, 2017 email confirmation from Janelle Golladay of Direct EEO Contact for Retaliation and or Reprisal*

(9) *February 6, 2017 assignment of Case Number: HS-CBP-00658-2017 to new EEOC complaint of Retaliation and/or Reprisal by the Agency specifically Jessica Dorfsman with respect to the Original EEOC Case Number: 520-2015-00495X*

(10)    *EEO Counselor's Report dated January 11, 2017*

(11)    *January 11, 2017 email from Administrative Judge Erin M. Stilp with attached Order Denying Motion to Amend the original complaint to include Retaliation/Reprisal because it is procedurally too late in the processing of Agency EEOC Case Number: 520-2015-00495X and Agency Complaint Number: HS-CBP-01927-2014*

**Exhibit# 10**- *Tab F-2 UNSWORN DECLARATION UNDER PENALTY OF PERJURY to EEOC from Jessica Dorfsman (Report of Investigation-ROI page 407 through page 413)*

25.    Itemize all damages, both monetary and non-monetary, that Plaintiff claims to have suffered by Defendants in this case. For each type of damage, describe the factual basis, if any, which supports the claim for such damages, and identify all people with knowledge of such damages and all documents that relate to or support such damages.

This action is brought pursuant to the Americans With Disabilities Act of 1990 (ADA), Title 42 United States Code Section 12101 et seq., Rehabilitation of 1973, 29 U.S.C. Section 794, Pub. L. No. 93- 112, 87 Stat. 394 (Sept. 26, 1973), codified at 29 U.S.C. § 701 et seq., Vietnam Era Veterans'
Readjustment Assistance Act of 1974, 38 U.S. Code§ 4212, OHS Directive 0470.2, Privacy Act (5 U S.C. § 552a) and the Health Insurance Portability and Accountability Act (HIPAA); see§ 264of Public Law 104-191, §§ 13400-13424 of Public Law 11-5 and 45 C.F.R. § 164 et seq., Title 42 United States

Code Section 12101 et seq., Title 42 United States Code Section 12112(a), 29 U.S.C. Section 794, Pub. L. No. 93-112, 87 Stat. 394 (Sept. 26, 1973), codified at 29 U.S.C. § 701 et seq., 38 U.S. Code§ 4212 and OHS Directive 0470.2, (Privacy Act Compliance) claims. *(This Directive applies throughout DHS regarding the collection, use, maintenance, disclosure, deletion, and destruction of Personally Identifiable Information-PI/)* as amended to obtain relief for plaintiff Reno E. Mayoral for discrimination in employment by defendant(s) against plaintiff based on allegations that requested Medical documentation and records were not submitted by the Agency's deadline, plaintiffs Military Service Connected disability and a perceived mental disability of Post- Traumatic Stress Disorder (PTSD).

## Remedies sought:

By this action, plaintiff Reno E. Mayoral seeks the following relief, pursuant to Americans With Disabilities Act of 1990 (ADA), Title 42 United States Code Section 12101 et seq., Rehabilitation of 1973, 29 U.S.C. Section 794, Pub. L. No. 93-112, 87 Stat. 394 (Sept. 26, 1973), codified at 29 U.S.C. § 701 et seq., Vietnam Era Veterans' Readjustment Assistance Act of 1974, 38 U.S. Code§ 4212, OHS Directive 0470.2, Privacy Act (5 U S.C. § 552a) and the Health Insurance Portability and Accountability Act (HIPAA); see§ 264of Public Law 104-191, §§ 13400- 13424 of Public Law 11-5 and 45 C.F.R. § 164 et seq., Title 42 United States Code Section 12101 et seq., Title 42 United States Code Section 12101 et seq., Title 42 United States Code Section 12112(a), 29 U.S.C. Section 794, Pub. L. No. 93-112, 87 Stat. 394 (Sept. 26, 1973), codified at 29 U.S.C. § 701 et seq., 38 U.S. Code§ 4212, which incorporates the remedies for hindrance to my career progression and promotion potential to the Position of SCBPO- Supervisory Customs and Border Protection Officer or CCBPO- Chief Customs and Border Protection Officer/ SCBPAS- Agricultural Specialist at the GS13 Step 1 level through the GS 13 Step 5 level to Age 60 retirement for Law Enforcement Officers. These remedies to compensate me for the Discrimination, Retaliation/Reprisal, Slander by False Accusation and Liable, hindering my career progression, mental anguish, aggravation, stress, and my inconvenience throughout this process from 2012 to present, are set forth in the following Punitive and Compensatory Damages:

## Lost wages for a Law Enforcement Officer beginning at the:

- GS 7 Step 9 level for 2012- $1238.00,
- GS 9 Step 6 level for 2013- $2845.00,
- GS 11 Step 1 for 2014- $4025.00,
- GS 12 Step 1 level for 2015- $17,793.00,
- GS 12 Step 2 level for 2016- $21,557.00,
- GS 12 Step 3 level for 2017- $22,707.00
- GS 12 Step 4 level for 2018- $27,354.00
- CBP $35,000.00 Overtime allowance for 7 years- $245,000.00,

## Performance Work Plan Bonuses based on current performance evaluations and pay scale for 5 years beginning with:

- 2012- $472 & 2 days "Time Off Award",
- 2013- $495 & 2 days "Time Off Award",
- 2014- $552 & 2 days "Time Off Award",
- 2015- $608 & 2 days "Time Off Award",
- 2016- $636 & 2 days "Time Off Award",
- 2017- $673 & 2 days "Time Off Award",
- 2018- $709 & 2 days "Time Off Award",

**COLA-Cost of Living Increase:**

- 2012 @ 2.6%- $1592.21,
- for 2013@ 1.7%- $1091.35,
- for 2014@ 1.0%- $653.77,
- for 2015 @ 1.0%- $791.45,
- for 2016 @ 1.38%- $1,144.14,
- for 2017 @ 2.58%- $2,265.0078
- for 2018 @ 2.10%- $1,941.198

**Out of Pocket expenses for 5 years beginning with:**

- multiple Polygraphs in 2012 to 2014 at JFK or Newark-$318,
- IFP Psychological Evaluation- $643,
- Evaluations by Dr. Chim- $86,
- Evaluations at Veterans Administration Hospital, East Orange, NJ 2012 to present - $248,
- Medical Records 2012 to present at Veterans Administration Hospital, East Orange, NJ and Newark Regional Office Newark, NJ- $239,
- 

**Possible Future Earnings for 11 years from the GS 12 Step 3 level to GS 12 Step 8 level through to Age 60 Forced retirement for Law Enforcement Officers:**

- $553,632.00

**CBP $35,000.00 Overtime allowance for 11 years from the GS 12 Step 3 level to GS 12 Step 8 level through to Age 60 Forced retirement for Law Enforcement Officers w/o changes:**

- $385,000.00

**Total Compensatory Remedies (Punitive and Compensatory Damages:**

| | |
|---|---|
| • **Lost wages for a Law Enforcement Officer beginning 2012 at the GS 7 Step 9 level through Present---** | **$342,519.00** |
| • **Future Earnings for 11 years to age 60--- Law Enforcement Forced Retirement** | **$553,632.00** |
| • **Performance Work Plan Bonuses** | **$4,145.00** $9,480.00 |
| • **COLA-Cost of Living Increase** | |
| • **Out of Pocket expenses** | **$1534.00** |
| • **CBP $35,000.00 Overtime allowance for from the GS 12 Step 3 level through to Age 60 Forced LEO w/o changes** | **$385,000.00** |
| • **Retaliation/Reprisal---** | **$5,000,000.00** |
| • **Slander by False Accusation and Liable-** | **$5,000,000.00** |
| **TOTAL:** | **$11,296,310.00** |

## CERTIFICATION

I hereby certify that the answers to the interrogatories and foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment. I understand that these interrogatories are continuing interrogatories and if new, additional, or different information later becomes known or available, I shall promptly serve amended answers on the propounding party.

Reno E. Mayoral

Dated: _9/11/2018_